**Richard Carlson, Plaintiff-Appellee, v. Margaret Carlson, Defendant-Appellant.**

Gen. No. 51,258.

First District, First Division.

January 16, 1967.

Emilie N. Wanderer, of Chicago, for appellant.

---

\* See Callaghan's Illinois Digest, same topic and section number.

Sherwin & Sherwin, of Chicago (Theodore R. Sherwin, of counsel), for appellee.

MR. JUSTICE BURMAN delivered the opinion of the court.

Defendant, Margaret Carlson, appeals from a supplemental decree, entered after a divorce decree, awarding custody of the three minor children of the parties to the father and from the adequacy of attorney's fees and from the entry of certain interlocutory orders.

The parties were married on May 21, 1955, with three children being born of this marriage, a girl and two boys who are now nine, ten, and seven, respectively. Margaret Carlson was adjudicated insane and committed to the Kankakee State Hospital on December 19, 1963, and received her absolute discharge therefrom on May 21, 1965. The plaintiff, Richard Carlson, filed a complaint for divorce on May 17, 1965. The defendant answered and filed a cross-complaint for separate maintenance and custody of the children.

On June 23, 1965, the motion judge, Judge Fiedler, on motion of the defendant, entered an order allowing the defendant temporary alimony of $25 weekly, temporary attorney's fees of $200 and set all other matters for hearing on September 16, 1965. On this latter date the defendant filed a petition that she be allowed to move into the residence of the parties; that she be awarded custody of the children and money for their support; that plaintiff keep current the mortgage payments on the home; that the court appoint Dr. Maltz to conduct a psychiatric examination of defendant and report to the court concerning her fitness to have custody of the children and that defendant's attorney's fees be paid by the plaintiff. The petition was heard before the motion judge on September 29, 1965, at which time Judge Fiedler entered an order denying the request for the appointment of a psychiatrist, the plaintiff having informed the court that there was no present charge

of mental incompetency, and the attorneys having agreed that all other matters be referred to the trial judge for an early trial, it was so ordered.

On January 10, 1966, plaintiff petitioned for a psychiatric examination of the defendant, and Judge Hunter ordered both the parties to be examined by Dr. Maltz. Subsequently, on March 1, 1966, defendant was allowed to amend her cross-complaint to an action for divorce on the grounds of desertion and a decree of divorce was granted to her on that day with all other matters being reserved.

On March 4, 1966, the defendant filed a petition, alleging, amongst other things, that she was improperly evicted from her home by her husband after she had obtained her own release from the State Hospital; that there was considerable delay in obtaining a hearing through no fault of hers; that instead of a hearing the motion judge referred the parties to Dr. Burch with a view to a possible reconciliation which failed; that later the trial judge, on motion of the plaintiff, ordered the parties to be examined by Dr. Maltz, despite the representation made by plaintiff to the motion judge that this area would not be considered; that the proposed supplemental decree provides for an investigation to be made by the Cook County Department of Public Welfare and a written report filed with the court which defendant opposes as it deprives her of an opportunity to cross-examine the investigator's findings and recommendations; that although the proposed decree provides for a review of the matter of custody of the children on July 7, 1966, defendant feels that she is presently and wrongfully denied the custody of her children and prayed that the proposed supplemental decree not be signed and instead an order be made permitting defendant reentry into her home, to have custody of the children and appropriate orders for their support and that her attorney be allowed additional fees.

The same day Judge Hunter entered the Supplemental Decree which recited that both parties were employed and were the owners in joint tenancy of a single-family residence, the mortgage on which was presently delinquent. The plaintiff was found to be a fit and proper person to have the custody of the children with the defendant having fixed visitation rights. The decree directed the Cook County Department of Public Aid to investigate both parties and make a written report to the court concerning all matters related to the custody of the children, the matter of custody to be reviewed by the court on July 7, 1966. The residence was to be sold and the net profits divided equally and $300 in additional fees was to be paid to the defendant's attorney.

In appealing from this Supplemental Decree, Mrs. Carlson first contends that it was improper for the motion judge not to have decided the occupancy and custody issues presented to him for temporary relief on June 23rd and September 29th. It is argued that the continuation of the "Status Quo" by Judge Fiedler acted as a "springboard" influencing Judge Hunter to enter the Supplemental Decree excluding her from the home and giving custody of the children to the father. Our examination of these orders indicates that the order of June 23rd was entered without objection and the September 29th order assigning the matters to the trial judge for an early hearing was entered by agreement of the parties. It is also apparent to us that Judge Fiedler showed great concern for the welfare of the children and spent a great deal of time on this matter despite his very busy court schedule. We find no merit whatsoever to this contention.

The principal contention of the defendant is that she was entitled to have custody of the children unless there was evidence to show that she was unfit to have custody. It is argued that the lack of a finding in the Supplemental Decree that the mother is unfit makes it error for the

Chancellor to award the custody of the children to the father. She states that, "the best interests of children of tender years require their custody to be entrusted to their mother," citing Nye v. Nye, 411 Ill 408, 105 NE2d 300.

We do not find any authority to support the contention that in Illinois there is an arbitrary rule that unless there is evidence that a mother is unfit, she should have the custody of young children. The Supreme Court, also in Nye, stated that under our divorce statute the court is clothed with large discretion in determining to which parent a child will be given, and then indicated that the primary concern of the courts in cases like this, ". . . is and must be, at all times the best interest of the child." P 415.

The cases relied on by the defendant to support her contention are distinguishable from the case at bar. The Nye case, Kline v. Kline, 57 Ill App2d 244, 205 NE2d 775, and Arden v. Arden, 25 Ill App2d 181, 166 NE2d 111, each involved a modification of the original decree and a change of custody from a mother to a father. Under the conditions in those cases it would be an abuse of discretion by the chancellor to change custody unless there was a proper determination of unfitness on the mother's part, or sufficient proof of changed conditions since the original custody order. In the instant case Mrs. Carlson was not previously given custody of the children by court order.

 "It is long established law that where both are fit persons, the principals to a divorce proceeding have equal right to custody of their minor children, . . . ." Kline v. Kline, 57 Ill App2d 244, 246, 205 NE2d 775. Under the circumstances of this case the paramount concern of the court is the welfare of the children and during their minority the court retains continuing jurisdiction over their care and custody. It is clearly an applicable rule of law that we may not reverse the Chan-

255

cellor's findings unless they are against the manifest weight of the evidence. Schmidt v. Schmidt, 346 Ill App 436, 105 NE2d 117.

■ It is established that Mrs. Carlson was committed to the Kankakee State Hospital from December of 1963 to May, 1965. During that period of time the father had sole custody of the children. The evidence shows that the children are in good health and are doing well in school. The Supplemental Decree found that the father is a fit and proper person to have custody of the children and the matter was continued for further evidence on the question of custody. The Chancellor in the instant case saw and heard the parties. In our opinion it was within the discretion and power of the Chancellor, under the facts and circumstances of this case, to award the custody of the children to the father.

■ It is next contended that in this State, in the absence of a stipulation by the parties, the report of the court service cannot be received in evidence. The defendant states that she did not so stipulate and she will not waive her right to cross-examine the witnesses. The mere ordering of a court service investigation does not deprive either party of the right to examine and cross-examine the persons making the ordered investigation. When the further hearing on custody takes place, it will be presumed that only competent evidence will be heard and considered by the court. As to the claim that the ordered fee of $300 was inadequate, we find no objection to it in the order and the record shows no request of the Chancellor for a larger fee nor was evidence offered for that purpose.

For the reasons stated above the Supplemental Decree of the Circuit Court is affirmed.

Judgment affirmed.

MURPHY, P. J. and ADESKO, J., concur.