## Patsy Carstens, Plaintiff-Appellant, v. Gerard Allen Carstens, Defendant-Appellee.

### Gen. No. 68–99.

Third District.

May 19, 1969.

William H. Taube, of Kankakee, for appellant.

Edward G. Vogt, of Kankakee, for appellee.

ALLOY, J.

This is an appeal from an order of the Circuit Court of Kankakee County changing the principal custody of a minor child from plaintiff, Patsy Carstens, to defendant, Gerard Allen Carstens. Plaintiff appeals to this Court asserting that the decision of the court was contrary to the manifest weight of the evidence and that the order entered is erroneous as a matter of law.

An original decree of divorce was entered in this cause on February 19, 1965, granting plaintiff a divorce on the grounds of extreme and repeated cruelty. At that time, plaintiff was awarded custody of the minor child of the parties, a girl named Stefani. After the entry of the decree for divorce, plaintiff and the minor child lived with plaintiff's mother until plaintiff sought employment in Rockford, Illinois. Plaintiff then asserted she was unable to find a suitable babysitter and, since she did not want her daughter raised by plaintiff's mother, she offered defendant physical custody of the minor in the early part of 1966. There was some evidence that she even suggested a legal change in custody thereafter.

The trial court, in considering this case, indicated in its memorandum of opinion, its understanding of the principle that, when a change of custody is requested, the original decree is deemed to be res adjudicata as to all facts which existed at the time the decree was entered, when custody was vested in the mother. He also observed that it is usual that custody of a child such as the daughter would normally be awarded to the mother. The court also specified particularly that to deny custody to the mother or to change such custody, a positive showing should be made that such change would be for the best interest of the child. The trial court correctly con-

440

sidered the most important factor to be the best interest of the child.

It was observed by the trial court that the plaintiff voluntarily · and contrary to the decree of court placed the child physically in the hands of defendant when it was no longer convenient or expedient for her to take care of the daughter herself. This situation continued for more than two years, and it continued for 20 months after plaintiff had remarried and for nearly one year after she ceased working. There was some indication by the court that it was also giving consideration to the fact that over the period of time when plaintiff did have physical custody of the daughter, she may have overindulged the child.

The record also disclosed that defendant had remarried to a lady who had demonstrated her willingness to care for her husband's child along with her own children (three), which children had been adopted by defendant, and that they also have a child born to the present wife of defendant and defendant. The children range in age from seven years to 10 months. All the children are treated equally as well. Defendant is apparently regularly employed, while the husband of plaintiff seems to have encountered financial difficulties, and plaintiff and her husband have moved at least twice in two years seeking to better their economic situation. The trial court found that the child, Stefani, appeared to be healthy and well adjusted in the home of defendant.

The trial court concluded that the welfare of the child would be best served by placing the child in custody of defendant for 10 months of each year and providing for the child to be with the mother for 2 months during the summer of each year, with alternate rights to the custody of the child on Christmas, Thanksgiving and Easter Holidays in alternate years.

▆▆▆ Normally, in matters involving custody of infant children, the determination of a trial judge is not

441

to be disturbed unless it appears that a manifest injustice has been done (Hahn v. Hahn, 69 Ill App2d 302, 305, 216 NE2d 229) and the trial court's determination should not be reversed unless it is clearly against the manifest weight of the evidence (Wade v. Wade, 345 Ill App 170, 183, 102 NE2d 356). Relinquishment of custody on a voluntary basis together with a remarriage is normally a sufficient change of circumstance to warrant an examination into the custody question (Stingley v. Wesch, 77 Ill App2d 472, 477, 222 NE2d 505). In all such cases, however, the paramount rule is to determine what is in the best interest of the child (Nye v. Nye, 411 Ill 408, 105 NE2d 300).

It is true that in the present case we do not have a showing of unfitness on the part of the plaintiff, and appellee makes no such contention. However, the plaintiff, who had custody, left the child with the defendant for a period of years. The child has been happy and adjusted in the new environment. On the basis of the record, we do not believe it is appropriate for this Court to conclude that the action of the trial court in awarding custody to the defendant (as being in the best interest of the child, Stefani), was contrary to law or against the manifest weight of the evidence (Mabbatt v. Mabbatt, 78 Ill App2d 455, 223 NE2d 191; Jenkins v. Jenkins, 81 Ill App2d 67, 71, 225 NE2d 698). While the court should exercise restraint in depriving a mother of custody of a child, we cannot say arbitrarily that there should be no such change unless there is a showing of unfitness on the part of the mother. Under such circumstances, we believe that we would not be justified in setting aside the order of the Circuit Court modifying the decree relating to custody as herein stated.

The order of the Circuit Court of Kankakee County will, therefore, be affirmed.

Affirmed.

STOUDER, P. J. and RYAN, J., concur.