**Marilyn Deener Shores, Plaintiff-Deceased, v. Raymond E. Shores, Defendant-Appellant, and Edward Deener, Plaintiff-Appellee.**

**Gen. No. 69–134.**

Second District.

January 19, 1970.

Rehearing denied February 25, 1970.

Canfield, Canfield, Franks, Wylde and Hoad, of Rockford, for appellant.

Richard J. Caldwell and John B. Roe, of Oregon, for appellee.

MR. JUSTICE ABRAHAMSON delivered the opinion of the court.

Plaintiff and defendant were divorced in 1965 and the decree granted the care, custody, control and education of the minor children, Linda, Cindy, Carla and Janet,

to the plaintiff and the defendant was ordered to pay child support. Defendant, Raymond E. Shores, appeals from an order of the Circuit Court of Ogle County granting custody of his two minor children to their uncle, Edward Deener, and ordering Shores to pay child support to Deener. He filed his petition on May 21, 1969, to modify the decree of divorce, after the plaintiff and a minor daughter, Carla, were killed in an automobile accident, alleging substantial changes in circumstances to justify modification; that it would be in the best interests of the minor children, Cindy and Janet, that he be awarded custody and granted leave to take them to his Florida domicile; and, that his obligation to pay support under the decree cease. A married minor child, Linda Guzzardo, filed a petition for custody of the children on the same day. On June 4, Edward Deener, also filed a separate petition for custody of the children, and the petitions were consolidated for hearing. The court granted custody to the uncle, Edward Deener, who is married.

Court records indicate that no support payments were made from March 25, 1965, to October 17, 1968. The plaintiff was forced to file a reciprocal nonsupport action. The defendant admitted he was behind in child support payments, but had no idea how much. He did not see Janet for $4\frac{1}{2}$ years. For a year and a half during that period, Linda and Cindy resided with the defendant and his present wife and her three children in Florida. Testimony of the children at the hearing indicated that they were not happy in Florida; that they felt they had been imposed upon while living there and Cindy considered herself primarily a maid and babysitter; that Linda was given liquor to drink by her father and became involved with the Juvenile Court because of drinking, but had no problems of that nature while residing with her mother; that Cindy had problems in school; that they felt their father was "mean" and did a considerable amount

of drinking; and, that they preferred to live with their sister or uncle.

Appellant contends that there was no preponderance or adequate evidence to establish that he was not a fit person to have custody of his children or to grant custody of his minor children to a third party; that a child's preference as to custody standing alone cannot be determinative; further, that leave of court to Edward Deener to intervene in this cause was never granted.

The parties agree that the law of Illinois is that the custody of minor children generally should not be changed from a parent to a third party in the absence of a finding that both parents are unfit and that the law favors the natural parents as the custodians of the children. Here the court entered an order reciting the pertinent facts and concluded that Raymond Shores was not a fit person to have custody of the minor children, Cindy and Janet Shores; that the married daughter, Linda, being not yet 18 years of age, was still a "bit" too young to undertake the custody of the two minors, one of whom was only two years her junior; and that Edward Deener be given the custody of the two minor children, Cindy and Janet Shores. Thus, we have a specific finding by the trial judge that Raymond Shores was not a fit person to have the custody of the two minor children. After a review of all the testimony in the record, we must conclude that there was a preponderance and adequate evidence to establish that Raymond Shores was not a fit person to have custody.

Of paramount importance to the judge is the welfare of the children during their minority, and we cannot reverse the trial judge's findings unless they are against the manifest weight of the evidence. Carlson v. Carlson, 80 Ill App2d 251, 255, 225 NE2d 130. Although the trial judge is given a large discretion in

awarding custody of minor children, such discretion is a judicial one and is not unlimited and is subject to review. Nye v. Nye, 411 Ill 408, 416, 105 NE2d 300. The trial judge did not abuse his discretion in awarding the custody of the minor children to their uncle, Edward Deener.

■ We must agree with Raymond Shores' contention that a child's preference, standing alone, is not sufficient to modify or change a custody award. However, considering all of the testimony and the findings made by the trial judge in his order granting custody to Edward Deener, it is apparent that he did not determine custody solely on the children's preference, although the children's preference is recited in the order.

Finally, it is stated that leave of court to intervene in this cause was never granted to Edward Deener. It does appear, however, that the judge consolidated the separate petitions for hearing and, therefore, all petitions were properly before the court. For the reasons stated above, the decree of the Circuit Court of Ogle County is affirmed.

Judgment affirmed.

DAVIS, P. J. and SEIDENFELD, J., concur.