Ronald W. Smith, Plaintiff-Appellee, v. Dolores J. Smith, Defendant-Appellant.

Gen. No. 69–178.

Second District.

May 15, 1970.

Roy S. Lasswell, Lasswell & Sodergren, of Geneva, for appellant.

Charles H. Atwell, of Aurora, for appellee.

MR. JUSTICE ABRAHAMSON delivered the opinion of the court.

This cause was first presented on appeal in this court almost three years ago. (Smith v. Smith, 87 Ill App2d 21, 230 NE2d 474 (1967).) At that time the defendant, Dolores Smith, appealed from the judgment of the Circuit

Court of Kane County denying a change of venue and denying modifications of the divorce decree pertaining to child custody. The complaint for divorce charged the defendant wife with adultery and consorting with a criminal. A default decree was granted to the plaintiff on March 12, 1965, awarding custody of the two minor children of the parties to the plaintiff. The defendant had, in defiance of a previous court order entered on September 29, 1964, granting temporary custody to the father, removed the children from his care and kept them under her control until the plaintiff located the children and secured their custody by a writ of attachment on November 4, 1966. The defendant, upon failure to show cause why she should not be held in contempt of court, served a seven day sentence in the Kane County Jail. She then appealed from the denial of a change of venue and from an order modifying the divorce decree entered on February 8, 1967. The cause was reversed and remanded in this court (Smith v. Smith, supra), with directions to grant the change of venue; to vacate the order denying the petition for change of custody entered February 8, 1967, and to hold a hearing on any petition the defendant may file in the cause relative to the custody of the minor children. Most of the essential facts pertaining to the custody of these children up to the remandment by this court are set forth in this court's opinion (1967) and need not be repeated here.

On November 6, 1967, the defendant filed an amended petition to modify the decree of divorce alleging a change in circumstances and that "she is now a fit and proper person to have the care, custody, control and education of said minor children." The cause was set for hearing in April of 1968 before another judge of the circuit, who after many hearings wherein witnesses for both parties testified, entered an order on May 29, 1969, denying de-

fendant's petition for a change of custody of the minor children. This appeal followed.

The defendant contends that the trial court erred in denying her custody of the minor children since there was no evidence that she was unfit and no positive showing that giving the custody to the father was for the best interest of the children. She cites but one case, Nye v. Nye, 411 Ill 408, 105 NE2d 300, and relies upon the following language in that opinion at page 414 as a determination of her right to custody of the children:

> "Under our divorce statute the court is clothed with a large discretion in determining to which parent a child will be given. It is usual in such cases, due to the tender years of the child and in consideration of its best interests, to entrust its care and custody to the mother, she being a fit and proper person to rear the child. Miner v. Miner, 11 Ill 43; Draper v. Draper, 68 Ill 17. The maternal affection is more active and better adapted to the care of the child. Especially is this true in the case of a minor daughter, where the care and guidance of a mother's hand is doubly important. This principle has become so well fixed and followed in this State that this court has not in recent years been called to rule upon it. Therefore, compelling evidence must be presented, proving the mother to be an unfit person, to cause the custody of her minor daughter to be denied her, or there must be a positive showing that to deny custody to the mother would be for the best interests of the child."

However, in Carlson v. Carlson, 80 Ill App2d 251, 255, 225 NE2d 130, it was stated that in Illinois there is no arbitrary rule that unless there is evidence that a mother is unfit she should have custody of young children and

the case of Nye v. Nye, supra, and similar cases, was distinguished from cases wherein the previous custody of the children had been given to the father. The court stated that in a case where the original decree was modified by changing custody from a mother to a father, it would be an abuse of discretion to change the custody unless there was a proper adjudication of unfitness on the mother's part or proof of changed conditions since the original custody order. Furthermore, the court stated that where both parents are fit persons they have equal right to the custody of minor children and the paramount concern of the court is the welfare of the children. In the Carlson case the mother had not previously been given custody of the children by court order and after reviewing the evidence the court sustained the order of the trial court which denied the relief of changing the custody from the father to the mother. Here, as in the Carlson case, the divorce decree awarded custody to the father and the mother never had legal custody of the children since the divorce. Thus, it was not necessary for the trial court to determine the unfitness of the mother.

In Maroney v. Maroney, 109 Ill App2d 162, 249 NE2d 871, the court stated at page 170:

> "The guiding star in a hearing to modify child custody provisions of a decree is at all times the best interests of the child. Frees v. Frees, 99 Ill App2d 213, 240 NE2d 274. After a divorce decree, the custody of a child may be changed by order of the court from time to time as the best interests of the child demand."

The Nye case, (411 Ill 408, 105 NE2d 300) stands for the proposition that the decree is res judicata as to the facts which existed at the time it was entered but not as to facts occurring thereafter. In Barbara v. Barbara,

110 Ill App2d 189, 198, 249 NE2d 269, it is stated that there is no "immutable rule of law that a child should be awarded to its mother in every case in which she is found to be a fit parent," and that "the guiding star is and must be the best interest of the child."

Here the mother is a 27-year-old woman who has been married to her second husband for the past three years. They live in a new three-bedroom home and both are employed. She testified that if she could obtain custody of the children, she would stop her employment and take care of the children. The father has been married to his second wife for the past four years and both are employed. The children are cared for during the day by a babysitter. The testimony is that the father is of excellent reputation and highly regarded by his employer, church and the community. Furthermore, it appears that the children are presently happy and are well provided for.

■ Also, the trial judge conducted extensive hearings before finally determining that the children should remain with the father and we find that his decision is supported by the record. It has been often said that in the absence of convincing evidence that a manifest injustice has been done or unless the trial court has abused its discretion, the reviewing court should not reject the findings and decision of the trial court in matters of this nature. (Barbara v. Barbara; Maroney v. Maroney, and Carlson v. Carlson, supra.) Here there is no change of condition affecting the best interests of the children which require a change in custody at this time.

■ Defendant also complains that the court order appealed from makes no findings as to the unfitness of the mother or the advantages to the children in remaining with the father. From what has previously been said, it is neither necessary to make a finding of unfitness on the part of the mother, nor to make a factual finding concerning the advantages to the children in remaining

with the father. Smith v. Smith, 36 Ill App2d 55, 58, 183 NE2d 559.

For the reasons stated above, judgment of the Circuit Court is affirmed.

Judgment affirmed.

DAVIS, P. J. and SEIDENFELD, J., concur.