2 Ill. App.3d 782 (1971)
276 N.E.2d 793
REGINA D. CAVE, Plaintiff-Appellant,
v.
CHARLES D. CAVE, Defendant-Appellee.
No. 71-208.
Illinois Appellate Court  Fifth District.
November 30, 1971.
*783 Edgar Kelly, of East Alton, for appellant.
Arthur L. Greenwood, of Alton, for appellee.
Judgment affirmed.
PER CURIAM:
A decree of divorce was entered in the above entitled cause in favor of the plaintiff and against the defendant wherein the custody of the minor child of the parties namely, Michelle Rene Cave, was awarded to the plaintiff. The defendant filed a petition to modify the decree for divorce requesting that custody of the minor child be transferred from the plaintiff to the defendant. The Court allowed the defendant's petition to modify and entered an order transferring custody from the plaintiff to the defendant.
The plaintiff's theory is that the court abused its discretion in making modification, that the evidence did not support such change or modification and that the evidence failed to show any substantial change of circumstances or that it was in the best interest of the minor child to modify such custody provisions of the decree. Defendant contends the evidence supports the change or modification, that substantial changes of circumstances were shown, and that the evidence shows that it is to the best interests of the minor child that the custody provisions be modified. In *784 addition defendant points out that where an appellant fails to comply with the orders of the reviewing court with reference to the filing of briefs within the accelerated time prescribed, under the circumstances here present, the reviewing court may either dismiss the appeal or enter an affirmance of the judgment sought to be reviewed.
Since the predominant question is whether the trial court abused its discretion in determining that the best interest of the child warranted the modification of the custody provisions we prefer to base our action on the report of proceedings.
 1-7 A trial court is clothed with a wide discretion in child custody matters and a reviewing court is reluctant to interfere with its exercise of such latitude of choice, Carstens v. Carstens, 108 Ill. App. 439, 248 N.E.2d 135; Carbrey v. Carbrey, 108 Ill. App. 363, 247 N.E.2d 818, but such discretion is a judicial one and is not unlimited and is subject to review. (Shores v. Shores, 119 Ill. App.2d 85, 255 N.E.2d 214 Mikrut v. Mikrut, 113 Ill. App.2d 446, 251 N.E.2d 84.) Subsequent marriages are a factor to consider as a change in circumstances and it is not necessary for the court to find that the person having custody is an unfit person if other circumstances warrant modification. (Kline v. Kline, 57 Ill. App.2d 244, 205 N.E.2d 775.) Stability of environment is an important factor in determining the best interests and welfare of children, and removal to another state as a result of a modification of the decree, if it is in the best interest of the child, does not prohibit modification, (Spencer v. Spencer (Ill. App.), 270 N.E.2d 72), particularly where ample provision is made for visitation and compliance with the modified decree.
 8 Our examination of the record discloses that there was substantial evidence that there was a change of condition since the initial decree and that the best interest of the child warrant a modification of the custody provisions; we are therefore unable to conclude that the trial judge abused his discretion in determining that the best interests of the child warranted the modification, and therefore affirm.
Judgment affirmed.