JUDY SUSAN WEISER BRAUN, a Minor, and TOMMY CHARLES WEISER BRAUN, a Minor, by PEDRO WEISER, Their Father and Next Friend, *et al.*, Petitioner-Appellee, *v.* EVELYN GOODMAN, Defendant-Appellant.

(No. 71-310;

Fifth District—February 10, 1972.

Harrison, Taylor & Rarick, of Collinsville, for appellant.

Goldenhersh and Goldenhersh, of Belleville, for appellees.

Mr. JUSTICE EBERSPACHER delivered the opinion of the court:

Pedro Weiser, a citizen of Ecuador, filed a petition for writ of habeas corpus on behalf of himself and his minor children, Judy Susan Weiser Braun and Tommy Charles Weiser Braun in the Circuit Court of Madison County in October 1971 against his former wife, Evelyn Goodman nee Braun, the mother of said children, now a citizen of the United States. The trial court, sitting without a jury, after a hearing, found

in favor of the father, and ordered the children's custody returned to him, and ordered a stay pending the mother's appeal to this Court. The father moved for a reversal of the stay order, which after hearing we denied, and we entered an order expediting the filing of briefs and waiving the filing of abstracts or excerpts.

The father, a native of Austria, arrived in Ecuador as a child with his parents in 1940, and has resided there since that date, except for five years of study in the United States and Canada. The mother, a native of Czechoslovakia, arrived in Ecuador as a child with her parents in 1939 and resided there until 1967. He is now 37 and she is 34. They were married in Ecuador in 1957, resided in Quito, Ecuador and separated late in 1963 and were divorced there in 1964. The children, Judy and Tommy are now respectively, 13 and 11 years of age. In 1964 custody was awarded by an Ecuador tribunal to the mother. Subsequently numerous agreements regarding status of the parties and custody of the children were entered into in Ecuador, the last of which made in January 1967 provided that either party could remarry and not lose custody. The last adjudication concerning custody was in Ecuador in November 1968, in proceedings in which the mother was absent but was represented by her father and private counsel, she at that time residing with her present husband in Lebanon, where he was a visiting professor. By decree there entered, the custody of the children was placed in the father; it provided for visitation in the home of the maternal grandparents and provided for visitation in the domicile of the mother for two months during the school vacation. The mother from the date of divorce continued to reside in Quito, Ecuador, making two to three week visits to Europe in August 1964 and August 1965 and to Columbia in March 1967, until April 1967 when she came to the United States. She decided to remain here, and in June 1967 remarried here. In September 1967, she and her husband visited in Quito, Ecuador enroute to Lebanon where her husband was an exchange professor. They returned to the United States in June 1968, where she has remained, except for annual visits to Quito where her parents reside and where the children have resided with their father.

The mother has appealed from the order granting custody and states the issue to be "whether the trial court erred in ruling that custody and physical possession of the minor children be returned to petitioner appellee".

■■■ The parties are agreed that in such proceeding it is proper for a court to look into the best interests of the children, that the primary question for consideration is what is for the best interests of the children and that a change in condition or circumstance of a parent relates directly

to the welfare of children and may properly affect a custody disposition. The parties likewise are agreed that in such case the trial court's conclusion is subject to review by the reviewing court upon the evidence. There is nothing in the record from which the court could or did find that either of the parents are unfit.

Relying upon *Akin v. Akin*, 109 Ill.App.2d 150, 248 N.E.2d 829 and *Nye v. Nye*, 411 Ill. 408, 105 N.E.2d 300, appellant contends that the children should have been placed in her custody, and that such contention is buttressed by the fact that each of the children expressed the desire to remain with their mother and attend school in the United States, and that *Stockham v. Schaedel*, 340 Ill. 560, 173 N.E. 172, coupled with *Akin* (*supra*) and *Nye* (*supra*) controls this case. Appellant contends that certain changes of conditions or circumstances, namely, that she has become a U.S. Citizen, that she is now in a position to furnish the children a satisfactory home being remarried and the owner of an adequate home, and the expressed preference of the children to make their home with her where they are happy in both the home and school, require that the custody of the children be changed from their father to her.

Appellee points out that the children were getting along well both in the home of the father in Ecuador, and the private school in which they were enrolled until their two month visit to their mother pursuant to an existing decree of the court of Ecuador, which during the summers of 1969 and 1970 was complied with by the appellant in that the children were returned at the end of the two month period in those years. Appellee further points out that there has been no change of condition or circumstance with regard to the father who has never failed to comply with any order concerning custody and who has furnished and stands ready to again furnish the children an adequate home and education, and that both the maternal and paternal grandparents reside in the city of Quito, Ecuador, where the father and children have made their home. He urges that the trial court found that it was for the best interests of the children and their welfare and that the trial court's decision is not against the manifest weight of the evidence, nor does it result in an injustice, citing *Carlson v. Carlson*, 80 Ill.App.2d 251, 225 N.E.2d 130; *Smith v. Smith*, 122 Ill.App.2d 317, 258 N.E.2d 830 and *Miezio v. Miezio*, 6 Ill.2d 469, 129 N.E.2d 20. Appellee further points out that absence of evidence that the mother is unfit does not automatically entitle a mother to custody of minor children citing *Carlson, supra; Buehler v. Buehler*, 373 Ill. 626, 27 N.E.2d 466, and *Vysoky v. Vysoky*, 85 Ill.App.2d 306, 230 N.E.2d 3.

■■ We have reviewed the record and the cited authorities. The

trial court made a finding that it was in the best interests of the children that their custody be returned to the father, and such finding is amply supported by the evidence. It is based in part, on his consideration of the importance that the children have a fixed place in life, and took into consideration the stability of their home life and education in Ecuador and the prospects of its permanence, all of which are proper factors in determining what is for the best interests of the children. The court expressed an awareness of the arguments in favor of the desirability of the children being with their mother. He showed an awareness that the question to be determined was what was for the best interests of the children in October 1971 when the case was heard, and that in determining that issue he was not bound by any decree or decrees that had previously been entered in the matter. The cases which the parties have cited were cited and argued in the trial court and we find nothing in those cited by appellant that would be the basis for reversal. Each custody case must be decided on the basis of its own peculiar or even unique facts and circumstances, within the guide lines of the case law. A trial court is clothed with a wide discretion in child custody matters and a reviewing court is reluctant to interfere with its exercise of such latitude of choice, *Cave v. Cave*, (Ill.App.3rd), 276 N.E.2d 793, and will not when the decision creates no manifest injustice and is not against the manifest weight of the evidence and due consideration has been given to the welfare of the children.

We therefore affirm the judgment.

Judgment affirmed.

CREBS and JONES, JJ., concur.