MARIAN G. ANAGNOSTOPOULOS, Plaintiff-Counterdefendant-Appellant, *v.* LAMPIS D. ANAGNOSTOPOULOS, Defendant-Counterplaintiff-Appellee.

(No. 58739;

First District (1st Division)—September 3, 1974.

Stuart Litwin, of Chicago, for appellant.

Herbert A. Glieberman, of Chicago (Harry G. Fins, of counsel), for appellee.

Mr. JUSTICE BURKE delivered the opinion of the court:

This case arose from a divorce action brought by Marian Anagnostopoulos, the plaintiff-counter defendant (hereinafter plaintiff) against Lampis Anagnostopoulos, the defendant-counter plaintiff (hereinafter defendant), who filed a counter-complaint for divorce. Both parties alleged mental cruelty as the grounds for their respective actions. On January 17, 1973, a decree was entered granting a divorce to the defendant and awarding custody of the parties' minor child to him. The order further provided that the plaintiff be awarded $3000 of $21,000 which had at one time been held in joint tenancy with the defendant. Finally, the order directed the defendant to pay to the plaintiff's attorney $3000 in fees.

The plaintiff appeals on the grounds: (1) that the court's decision with respect to child custody was contrary to the manifest weight of the evidence and constituted an abuse of the court's discretion; and (2) that she should have been awarded one-half of the amount once held in joint tenancy. The defendant cross-appeals on the grounds that a $3000 award for the plaintiff's attorney's fees is not supported by the record. No appeal is taken from that part of the order granting the divorce to the defendant.

The parties were married in Chicago in July, 1962. One child, a daughter, was born of that union, and at the time of the entry of the decree was 10 years old. On December 30, 1971, the plaintiff filed suit for divorce, alleging as her grounds mental cruelty. The defendant filed a counter-complaint for divorce on January 26, 1972, alleging the same grounds. Both parties sought custody of the child.

Hearings commenced on July 20, 1972, at the conclusion of which the court granted a divorce to the defendant and awarded him custody of the child. In her brief the plaintiff states:

"The trial court based its determination upon the following allusions:

1. that the plaintiff drove a motorcycle;
2. that she had on three past occasions used marijuana;
3. that she had continued her educational pursuits after the child was born;
4. that she did not hold religion in high favor;
5. that she occasionally employed words characterized by the court as obscene;
6. that she possibly had friends who were homosexuals and may have been one herself;
7. that she had made derogatory remarks to a woman who devoted the majority of her time to the maintenance of her home;
8. that once she achieved her Ph.D. in psychology she would probably pursue a career;
9. that the child had at one time been malnourished; and,
10. that the mother desired the child to be independent (R. 783-790).

In summary, the lower court stated that the child custody issue revolved around the contentions that the father devoted too much time to his profession while 'the mother is one of the members of the current avant-garde.'"

The court also determined the division of the parties' property. The defendant testified that as of October, 1971, a joint savings account held in the names of himself and the plaintiff contained about $21,000. The defendant closed the account in that month, two months before the complaint was filed by the plaintiff, and placed the funds in an account in his own name. He subsequently withdrew approximately $13,000 for the purchase of medical equipment used in his practice.

■■ The plaintiff's first argument is that the award of custody of the parties' child to the defendant was against the manifest weight of the evidence. She cites authority for her argument that the mother has a

paramount claim to custody of a young child (*Hahn v. Hahn*, 69 Ill.App. 2d 302, 216 N.E.2d 229) and asserts that the defendant failed to overcome this presumption. While giving custody to the mother may be the usual result of a custody hearing, there is no rule in Illinois that unless she is shown to be unfit, custody should be given to the mother. (*Carlson v. Carlson*, 80 Ill.App.2d 251, 225 N.E.2d 130.) Furthermore, our 1970 Illinois Constitution provides that equal protection of the law shall not be denied or abridged because of sex. (Ill. Const. (1970), art. I, sec. 18.) In light of this provision the argument advanced by the plaintiff is unacceptable.

■■ The criterion for determining custody of a minor child in a divorce action is the welfare and best interests of the child. (*Smith v. Smith*, 122 Ill.App.2d 317, 258 N.E.2d 830.) The determination of custody is within the discretion of the trial judge and will not be disturbed on review unless it appears that manifest injustice was done or that the court has abused its discretion. *Barbara v. Barbara*, 110 Ill.App.2d 189, 249 N.E.2d 269.

The custody of the parties' child was a bitterly contested issue. There was much conflicting testimony as to the relationships of the parties to each other and each party to the child. The parties accused each other, at least indirectly, of abnormal sexual activities, as well as of numerous failings with respect to the care of their child. It would serve no useful purpose to summarize these allegations here.

It is necessary, however, to examine the plaintiff's claim that the custody determination was based on conclusions of the trial court which are not supported by the evidence adduced at trial. She proceeds to refute each point noted above, upon which she states the trial court based its erroneous determination.

■■ Conceding without deciding that the plaintiff is correct in her attack on the court's reasoning, we are not as a consequence required to reverse unless the ultimate decision was contrary to the manifest weight of the evidence. (*Hoffman v. Hoffman*, 40 Ill.2d 344, 239 N.E.2d 792.) The standard of the child's best interests is still the overriding concern. Since both parents had equal rights to custody, it was a determination of which parent would best serve the interests of the child that concerned the trial court. The court determined that custody in the defendant would best serve his daughter's interests. The fact that in so doing the court had to decide that custody in the plaintiff would not serve the best interests of the child does not mean that the plaintiff may prevail on appeal by showing this latter determination alone to be erroneous. To prevail she must show, as she states in her brief, that the preponderance of the evidence as to the best interests of the child is on her side, rather than on the de-

fendant's. The trial court was in a better position to observe the parties and their witnesses. We find no reason to disturb his finding that the defendant have custody of the minor child.

The plaintiff also argues that the court's decision amounts to an abuse of his discretion. She argues that reversal is required because of this abuse. (*Akin v. Akin*, 109 Ill.App.2d 150, 248 N.E.2d 829.) The plaintiff directs her attack on the manner in which the court reached his decision on custody. She states that the court made a value judgment between her life style and the defendant's, and that judgment was influenced by extrajudicial sources, namely, his bias against the plaintiff's way of life.

We disagree. In reaching his decision the court remained cognizant of the overriding rule: that the choice be in the best interests of the child. That the court chose a more traditional background for the child over the plaintiff's more experimental views does not *per se* demonstrate an abuse of discretion.

The next issue is whether the court properly divided the property which the parties held in joint tenancy. The court awarded the plaintiff $3000 of the approximately $8000 left in the account after the defendant's expenditures. The plaintiff argues that she should have received half of the $21,000 originally in the account since, in the absence of contribution to the account by her, a gift of one-half of the contents to her is presumed. She contends that the defendant never overcame this presumption. We cannot agree.

■■ The court had the discretion to work a division of the parties' jointly held property, assessing the special circumstances, if any, advanced by the plaintiff as to her claim on the property. (*Katz v. Katz*, 10 Ill.App.3d 39, 293 N.E.2d 904.) We find on the record in this case that the trial court did not err in finding that the defendant overcame the presumption of a gift of one-half of the $21,000 balance in the account and that the account was jointly held for convenience. See *Kratzer v. Kratzer*, 130 Ill.App.2d 762, 266 N.E.2d 419, where the court discusses various factors relevant to this determination.

■■ The last argument on this appeal is raised by the defendant. He contends that the court erred in directing that he pay $3000 to the plaintiff's attorney. His first contention on this issue, that the award amounted to sex discrimination against the defendant, is baseless. As the plaintiff points out, the court has the discretion to award attorneys' fees to *either* party regardless of which party was awarded the divorce. Ill. Rev. Stat. 1971, ch. 40, par. 16.

■■ The defendant's next contention on the issue of attorney's fees is that there is no evidence in the record to support the amount awarded. We agree with the defendant that Illinois law requires a determination

of the parties' relative abilities to meet the expenditure for fees. (*Green-baum v. Greenbaum*, 14 Ill.App.3d 217, 302 N.E.2d 165.) The record in the instant case reveals both that the plaintiff, who merely speculated as to her potential earnings upon receipt of her doctorate, was unable to pay her attorney and that the defendant was able to pay the fees.

■■ The defendant also asserts that there is no evidence of how much time the attorney spent on this case. The defendant failed to request an evidentiary hearing on this matter and cannot now complain that one was not held. (*Jones v. Jones*, 48 Ill.App.2d 232, 198 N.E.2d 195.) Moreover, the court indicated its familiarity with the amount of time expended by the attorneys so that he could reach a decision on fees. (*Teich v. Teich*, 132 Ill.App.2d 348, 270 N.E.2d 525.) We find no error in the court's determination.

For the reasons stated the judgment is affirmed.

Judgment affirmed.

GOLDBERG and HALLETT, JJ., concur.