DENNIS KEITH HUEY, Plaintiff-Appellant, *v.* FRANCES ANN HUEY, Defendant-Appellee.

(No. 74-196; ▮▮▮▮▮▮▮)

Fifth District—January 16, 1975.

Sprague, Sprague and Ysursa, of Belleville (John R. Sprague and N. Dean Nester, of counsel), for appellant.

Jim D. Keehner, Ltd., of Belleville, for appellee.

Mr. JUSTICE EBERSPACHER delivered the opinion of the court:

This appeal grows out of a divorce action in the circuit court of Randolph County, wherein the appellant, Dennis Huey, filed a complaint against his wife, Frances Huey, asking the court for a judgment of divorce and an order giving permanent custody of the only child of the couple, a female 7 years of age in May, 1974, to appellant. The trial court, after a contested hearing on the merits of the cause, awarded a divorce to the appellant on the grounds of physical cruelty, adultery and the appellee's conviction of a felony, *i.e.*, aggravated battery. The trial court awarded permanent custody of the child, however, to the appellee, subject to specific visitation privileges in the appellant. The appellant has appealed the order of the trial court granting the appellee permanent custody of the child. The only question on review is whether this order of the trial court is against the manifest weight of the evidence.

■■■ At the outset it should be noted that it is the settled rule in Illinois that the paramount consideration in awarding the custody of minor children to one parent or the other must necessarily be the welfare and best interests of the children. (*Miezio v. Miezio,* 6 Ill.2d 469, 129 N.E.2d 20; *Fears v. Fears,* 5 Ill.App.3d 610, 283 N.E.2d 709.) In making an award of custody the general rule is that the question is one within the discretion of the trial court, and such a judgment will not be set aside unless it appears that the judgment is against the manifest weight of the evidence. *Holloway v. Holloway,* 10 Ill.App.3d 662, 294 N.E.2d 759; *Stark v. Stark,* 13 Ill.App.3d 35, 299 N.E.2d 605; *O'Donnell v. O'Donnell,* 5 Ill.App.3d 870, 284 N.E.2d 682; *Braun v. Goodman,* 3 Ill.App.3d 1002, 279 N.E.2d 177.

There is in Illinois a rule favoring the award of the custody of a minor of tender years, especially a female, to the mother. (*Nye v. Nye,* 411 Ill. 408, 105 N.E.2d 300; *Fears v. Fears,* 5 Ill.App.3d 610, 283 N.E.2d 709; *Pierce v. Wade,* 2 Ill.App.3d 717, 276 N.E.2d 744.) This rule favoring the mother, however, is not to be applied arbitrarily. *Girolamo v. Girolamo,* 5 Ill.App.3d 627, 283 N.E.2d 713; *Vysoky v. Vysoky,* 85 Ill.App.2d 306, 230 N.E.2d 3.

■■ In the instant case the appellant introduced evidence in the trial court from which it could be inferred that appellee, if not an alcoholic, as alleged in his complaint, abused the use of alcohol. Appellant also proffered evidence that appellee engaged in several acts of adultery with

several different persons within a period of less than 1 year from the date of the hearing. The appellee, on the other hand, produced evidence which tended to negate the inference that she misused alcohol; and, although appellee admitted one instance of adultery, she denied all others. Furthermore, counsel for the appellee was able to establish the possibility of bias on the part of those witnesses proffered by the appellant regarding his allegation of repeated adulterous acts by appellee by eliciting that each witness to said acts was either a friend of the appellant or a friend of appellant's father. Although these allegations, misuse of alcohol and allegations of numerous acts of adultery, are relevant to the court's determination of the fitness of a particular parent to the custody of a minor child, in view of the conflicting evidence presented to the trial court, we cannot say that the trial court's determination that the appellee is a fit and proper parent is against the manifest weight of the evidence insofar as that finding rests upon either or both of these two allegations.

■■ Any act of adultery by a parent is an element to be considered by a court in making a determination of the fitness of that parent to have custody of a minor child. As a general rule in Illinois, however, the mere fact that a divorce has been awarded to a husband on the grounds that the wife was guilty of adultery does not prevent the trial court from exercising its discretion and awarding custody of the children to the wife. (*Nye v. Nye,* 411 Ill. 408, 105 N.E.2d 300; *People ex rel. Hickey v. Hickey,* 86 Ill.App. 20; *Hockett v. Hockett,* 128 Ill.App.2d 255 (abstract opinion).) This rule, as enunciated in *Nye v. Nye,* 411 Ill. 408, 105 N.E.2d 300, is controlling here:

> "Where the mother is able to care for her minor daughter and is not shown to lack the proper attributes of good motherhood, past misconduct, where the evidence indicates no probable future misconduct, should not be a basis for denying custody to the mother." 411 Ill. 408, 415.

The evidence presented on the question of the appellee's ability to care for her minor daughter and the evidence on the question of appellee's attributes of good motherhood is, without exception, that the appellee is a good mother who properly cares for the physical and emotional needs of her minor daughter. Appellant even concurred in this assessment. We cannot say that this record bears sufficient evidence to conclude that the future conduct of the appellee would be such as to deprive her of custody, particularly in view of the showing of her emotional disturbance and frustration occurring when she was deprived of custody of her child.

■■ Evidence was produced at trial that appellee was guilty of physical cruelty towards the appellant. Since one of the grounds upon which the

trial court granted appellant a divorce was physical cruelty, we can only conclude that it found that appellee was guilty of physical cruelty towards the appellant. There was also introduced into the record evidence that appellee was convicted of aggravated battery. According to appellee's testimony, which is substantiated by the record, both of these occurrences were precipitated by the dispute over appellee's custody and visitation rights to the parties' minor child, which had been temporarily denied appellee by the trial court. The record confirms the fact that the instances of physical cruelty transpired only subsequent to the filing of the complaint for divorce which requested, among other relief, the permanent custody of the child, and only after a temporary order was entered, granting custody to the appellant and enjoining appellee from the custody or visitation of her child. Similarly, the record indicates that the events surrounding the appellee's altercation with a police officer, which formed the basis for the aggravated battery conviction, also involved the dispute over custody of appellee's child. This conviction resulted in a fine of $100 and a 6 months' conditional discharge, both of which have been satisfied. Although these explanations do not, of course, excuse either of these incidents, they do tend to diminish the probability of appellee's future propensity for such behavior. No authority has been found to support the proposition that either physical cruelty to one's spouse or conviction of a felony makes a parent *ipso facto* unfit for the custody of a child. We believe the rule in *Nye,* quoted above, applies equally as well to physical cruelty to one's spouse and to conviction of a felony as it does to adultery. *Nye* is particularly applicable in the instant case, where the presence of extenuating circumstances demonstrates the isolated nature of such wrongdoing and the improbability of its reoccurrence. All evidence regarding the appellee's attributes of motherhood and ability to attend to the emotional and physical needs of the child are positive. We cannot, therefore, say that the finding of the trial court that appellee is a fit and proper parent is against the manifest weight of the evidence insofar as that finding rests upon either the question of appellee's acts of physical cruelty to her spouse or appellee's conviction for aggravated battery.

The finding of the trial court that the appellee is a fit and proper person to have the care and custody of the minor female child of the parties cannot be said to be against the manifest weight of the evidence concerning appellee's use of alcohol, acts of adultery, acts of physical cruelty to plaintiff-appellant, or conviction of a felony. The trial court heard and saw the witnesses and has broad discretion in such matters and in determining what is to a child's best interest. The order of the trial court awarding the permanent custody of that child to appellee, subject to spe-

cific visitation rights in the appellant, was therefore properly within the trial court's discretion.

Affirmed.

CREBS and G. MORAN, JJ., concur.