## Fra F. Clark, Appellee, v. Chicago Railways Company, Appellant.

### Gen. No. 20,361. (Not to be reported in full.)

Appeal from the Superior Court of Cook County; the Hon. CLARENCE N. GOODWIN, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1914. Affirmed. Opinion filed April 22, 1915. Rehearing denied May 8, 1915.

### Statement of the Case.

Action by Fra F. Clark against the Chicago Railways Company to recover damages for injuries sustained by reason of the alleged negligence of the defendant. Trial before the court and jury and verdict for the plaintiff for thirty-five hundred dollars, upon which judgment was entered. Defendant appeals.

Philip Rosenthal, William H. Symmes and Frank L. Kriete, for appellant; W. W. Gurley and John R. Guilliams, of counsel.

R. W. Clifford and Mark E. Guerin, for appellee.

Mr. Justice Pam delivered the opinion of the court.

## Abstract of the Decision.

1. Damages, § 137*—*when not excessive for injury to back.* Verdict for thirty-five hundred dollars for injuries consisting of a dislocation of one of the dorsal vertebrae causing a curvature of the spine of a woman sixty-one years old, *held* sustained by the evidence.

2. Damages, § 188*—*when evidence sufficient.* In arriving at a verdict as to the amount of damages, the jury may properly take into consideration the testimony of a reputable physician as to the extent of the injury and the relation of the injury to the plaintiff's physical condition due to other causes, the appearance and demeanor of the witnesses on the stand in giving testimony tending to prove or disprove the injury and the extent of the same, and where it appears that their finding was warranted by the evidence the verdict will not be disturbed.

3. Witnesses, § 283*—*when cross-examination not impeaching in character.* Question on cross-examination of plaintiff as to whether she attributed an unconscious spell three years after the accident which was the basis of suit to such accident, *held* not of such a character that an answer either way would affect her credibility.

4. Evidence, § 397*—*when question calls for expert opinion.* Question on cross-examination of plaintiff as to whether she attributed an unconscious spell three years after the accident which was the basis of suit to such accident, *held* properly excluded as calling for an expert opinion.

5. Evidence, § 439*—*when expert testimony not speculative.* The answer of a physician that an injury may remain the same or grow worse but that it is more apt to grow worse than better is not speculative as to the permanency of the injuries, he having previously testified that the injury was permanent.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

360    APPELLATE COURTS OF ILLINOIS.

Wisconsin W. & C. Co. v. Berlin Mach. Works, 192 Ill. App. 360.

6. NEW TRIAL, § 67*—*when application for continuance necessary to granting of new trial for newly-discovered evidence.* A new trial on the ground of newly-discovered evidence will be denied where during the progress of the trial defendant learned of the existence of material evidence in another State, but made no application for a continuance, claiming that he did not at any time during the progress of the trial have full information regarding the character of the evidence upon which to base an affidavit for a continuance, the affidavits on the motion for a new trial, however, showing that he had sufficient information, which together with an investigation in progress would, if properly presented, have warranted a continuance.

7. NEW TRIAL, § 69*—*when newly-discovered evidence too remote.* In an action for personal injuries, newly-discovered evidence that forty years previously the plaintiff had received an injury which required her to use crutches for a period of seven years, *held* too remote to warrant a new trial.