CARL L. PATTON, Plaintiff-Appellee, *v.* STELLA R. PATTON ARMSTRONG, Defendant-Appellant.

(No. 73-128;

Fifth District—January 21, 1974.

Robert L. Douglas, of Robinson, for appellant.

Cox, Phillips, Weber & Weber, of Robinson (Frank J. Weber, of counsel), for appellee.

Mr. PRESIDING JUSTICE GEORGE J. MORAN delivered the opinion of the court:

Plaintiff-appellee Carl L. Patton was awarded a default divorce from defendant-appellant Stella R. Patton on March 18, 1969. The decree granted custody of the couple's two children to the father with visitation rights given to the mother. The mother remarried and filed a petition for change of custody in 1971. On February 19, 1971, the trial court entered a verdict for the father denying Mrs. Armstrong the relief prayed for and she appealed. In *Patton v. Armstrong* (5th Dist. 1972), 6 Ill.App.3d 998, 286 N.E.2d 351, this court remanded with directions for the trial court to reconsider both the matters of custody and visitation for grounds not involved in this proceeding. The case was again tried by the court without a jury but with a different judge presiding. His order expanded the mother's visitation rights but left custody with the father, and the mother appeals.

■■ Citing *Nye v. Nye* (1952), 411 Ill. 408, 105 N.E.2d 300, defendant contends that if both parties are otherwise fit to have custody, but the children are of tender years, or the child is female, the mother is given first preference on the assumption that she will remain in the home and thereby be better able to care for the young children on a full time basis. Here, however, the children were not of tender years, the boy being 14 years of age and the girl 11 years of age at the time of the hearing. Also, the preference is based on the assumption that the mother will remain in the home, whereas here Mrs. Armstrong testified that she was working during the day and expected to continue to do so. Furthermore, the couple's 14 year old son testified that he would prefer to remain with his father. The daughter did not testify. Although not binding on the court, it was proper for the court to consider the preference of the child. *Swanson v. Swanson*, 1 Ill.App.3d 753, 274 N.E.2d 465.

■■ It was long been the law in Illinois that in child custody cases the "guiding star is and must be, at all times, the best interest of the child." (*Nye v. Nye, supra.*) The trial court's task in such cases is to reach a

decision designed to protect the child's best interests. (*People ex rel. Morris v. Morris* (1969), 44 Ill.2d 66, 254 N.E.2d 478.) Once a custody determination has been made by the trial court, a court of review should not disturb it absent a showing of manifest injustice. (*People v. Bukovich* (1968), 39 Ill.2d 76, 233 N.E.2d 382.) For although his exercise of discretion is subject to appellate review (*Cohn v. Scott* (1907), 231 Ill. 556, 83 N.E. 191; *Akin v. Akin* (1969), 109 Ill.App.2d 150, 248 N.E.2d 829), it is "difficult to reverse a trial court's decision because he is in a far better position to assess the demeanor of the parties and to judge their emotional stability." (*Akin v. Akin, supra; People v. Morris, supra.*) As was stated in *Rodely v. Rodely* (1963), 28 Ill.2d 347 at 350, 192 N.E. 2d 347:

> "The matters of child custody and visitation privileges rest largely in the broad discretion of the trial court, and it has been repeatedly stated that its determinations with respect thereto should not be disturbed on appeal unless a manifest injustice has been done."

■■ We have carefully reviewed the record and defendant's contentions and we find that no manifest injustice has been done. We therefore affirm the order of the Circuit Court of Crawford County.

Judgment affirmed.

JONES and EBERSPACHER, JJ., concur.