Vandy Lee Hawkins, Plaintiff-Appellee, v. Dr. James Richardson, Defendant-Appellant.

(No. 61004; )

First District (3rd Division)—June 5, 1975.

Lemuel L. Foster, Jr., of Chicago, for appellant.

No appearance for appellee.

Mr. JUSTICE McNAMARA delivered the opinion of the court:

Plaintiff, Vandy Lee Hawkins, filed a malpractice suit pro se in the circuit court of Cook County, alleging that defendant, Dr. James Richardson, was negligent in prescribing eyeglasses for plaintiff. A bench trial in the cause resulted in a judgment for defendant. However, the

trial court vacated this judgment upon motion by plaintiff and ordered a new trial to be held. At the conclusion of this bench trial, the trial judge rendered judgment for plaintiff and assessed damages in the amount of $55 and costs. From this judgment defendant appeals.

The trial was conducted in the pro se division of the circuit court, and no stenographic record was made. Consequently, defendant has prepared a bystander's report of proceedings constructed from the best available sources, including his recollection, which has been certified by the trial judge. (Ill. Rev. Stat. 1973, ch. 110A, par. 323(c).) The pertinent facts appear as follows.

Plaintiff testified that he visited defendant in his office on September 25, 1972, because of the poor vision he was experiencing in his left eye. After examining plaintiff's eyes, defendant prescribed eyeglasses. Plaintiff subsequently obtained glasses, which he testified "caused" him to suffer headaches. After defendant did nothing to correct this problem, plaintiff went to the Illinois College of Optometry, where glasses were prescribed. Upon obtaining the new glasses, plaintiff suffered no further headaches and described his vision as "better." The College's prescription was introduced into evidence.

Defense counsel objected to much of the testimony given by plaintiff. He asserted that plaintiff's testimony as to the cause of his headaches was incompetent as improper expert testimony and that any testimony as to the prescription furnished by the College was incompetent as hearsay. The objections were overruled by the court.

Defendant testified that he has been a practicing physician for 40 years. His examination of plaintiff on September 25, 1972, disclosed an astigmatism in his left eye. Defendant prescribed glasses for plaintiff on November 14 and told him at that time to return in 2 weeks so that the glasses could be checked. Plaintiff did not return until February, 1973, at which time he complained of headaches. Defendant's examination of plaintiff at that time revealed that plaintiff's vision had been corrected. The witness also discovered that plaintiff's blood pressure was high, and plaintiff was advised to obtain a physical examination. Plaintiff never returned to defendant's office.

Defendant testified that plaintiff's headaches could have stemmed from causes unrelated to the glasses, such as his high blood pressure. He also stated that the glasses prescribed were of the proper strength to correct the eye problem. However, defendant would not be able to render an opinion as to the later prescription and glasses obtained through the College without first examining plaintiff and the new glasses with the equipment in defendant's office.

■■ Plaintiff has not filed a brief in this court. Such action by the

appellee is grounds for a pro forma reversal. (Ill. Rev. Stat. 1973, ch. 110A, par. 341; *People ex rel. Pullman Bank & Trust Co. v. Fitzgerald* (1973), 14 Ill.App.3d 247, 302 N.E.2d 429.) However, we will consider the merits of the appeal. *Wilson v. Moore* (1973), 13 Ill.App.3d 632, 301 N.E.2d 39.

Defendant first asserts that the trial court erred in permitting plaintiff to give his lay opinion as to the cause of his headaches and that the absence of expert testimony on this point requires reversal of this judgment. The resolution of this issue is dispositive of the appeal.

■■ A basic legal principle provides that before a plaintiff can recover in a malpractice case it must be shown that defendant was unskilled and negligent and that his want of skill or care caused the injury to plaintiff. (*Borowski v. Von Solbrig* (1975), 60 Ill.2d 418.) Normally, there must be expert testimony to prove these elements. *Olander v. Johnson* (1930), 258 Ill.App. 89.

■■ In our view, the plaintiff failed to sustain his burden of proof. His testimony that the glasses obtained pursuant to defendant's prescription "caused" his headaches was improper expert testimony that had absolutely no probative value. (See *Clark v. Chicago Railways Co.* (1915), 192 Ill.App. 358 (abstract opinion).) No evidence was adduced that defendant was negligent in his prescription and that such negligence caused plaintiff's illness. Indeed, even if one were to assume that the first set of glasses did contribute to plaintiff's difficulties, the record is barren of any proof that defendant's prescription and not the filling of the prescription was the underlying cause of the problem. Speculation is not a proper substitute for proof.

For the reasons stated above, the judgment of the circuit court of Cook County is reversed.

Judgment reversed.

McGLOON, P. J., and MEJDA, J., concur.