JAMES L. PRATT, Plaintiff and Counterdefendant-Appellee, *v.* CONSTANCE S. PRATT, Defendant and Counterplaintiff-Appellant.

(No. 12789;

Fourth District—June 12, 1975.

Albert E. Hurt, of Hurt, Fuller & Hopp, of Decatur, for appellant.

Rosenberg, Rosenberg, Bickes & Johnson, Chtd., of Decatur, for appellee.

Mr. JUSTICE GREEN delivered the opinion of the court:

The husband and wife were married on October 22, 1971. One child, James David, was born to the parties on June 6, 1972. The parties separated on June 20, 1973, with the wife having custody of the child. On August 21, 1973, the husband filed a complaint for divorce based upon allegations of mental cruelty and adultery by the wife. On that same date he filed a petition for temporary custody of the child, and the court granted this petition on September 28, 1973.

The husband was awarded a divorce as the result of the mental cruelty of the wife by a divorce decree entered May 23, 1974. The trial court found that the husband had failed to prove the allegation of adultery. Regarding the custody of the child, the court found that both parties were fit to have child custody. The court awarded custody of the child to the husband for the period of 1 year. The decree then provided:

> "At the end of said one-year period, the question of custody of the minor child of the parties shall be re-examined by the Court to ascertain if any change is necessary for the best interests of said child at said time."

The wife appeals from the award of custody of the child to the husband. ██ The issue which must first be confronted is whether the custody provision of the present divorce decree is an order appealable to this court because it is final. If the decree awards only temporary custody to the husband for the period of 1 year, there is no final order, and the custody award would not constitute an interlocutory order appropriate for appellate review. The custody decree provides that the husband shall have custody of the child for 1 year at which time, "the question of custody of the minor child of the parties shall be re-examined by the court *to ascertain if any change is necessary for the best interests of said*

*child at said time.*" (Emphasis added.) Without changing its meaning, the decree could have stated that the husband will have custody of the child forever unless, and until, a change is necessary for the best interests of the child. The language of the decree which refers to the 1-year period and to the determination at that time of whether custody should be changed adds nothing to the effect of the custody decree, because child custody can always be changed when conditions change to the extent that the best interests of the child necessitate a modification of custody. The designation by the court of the 1-year period appears to have been merely an attempt to insure continued judicial supervision of this child's custody and, thereby, to insure that the child's best interests were served by the custody decree. We consider the custody decree here to have been a permanent award of custody to the husband and to be appealable to this court. In cases in which the child-custody decree stated that the custody provision would be effective until further order of the court, the appellate court held that such language adds nothing to the effect of the custody provision because the court always has authority to change custody pursuant to statute. *Horn v. Horn*, 5 Ill.App.2d 346, 125 N.E.2d 539; *Maupin v. Maupin*, 339 Ill.App. 484, 90 N.E.2d 234.

■■■ Next, we must consider the merits of the wife's appeal from the award of custody of the child to the husband. The guiding principle in the determination of child custody after a divorce has been firmly established. The best interests of the child shall govern the award of custody, (*O'Donnell v. O'Donnell*, 5 Ill.App.3d 870, 284 N.E.2d 682.) The award of custody will not be disturbed upon appellate review unless such award is contrary to the manifest weight of the evidence. (*O'Donnell.*) The wife contends that she should have been awarded custody of the child because the child is one of tender years and the wife is the child's mother. However, as a result of the recent social and legal trends, this court cannot recognize a presumption in favor of the mother in the contest for custody of a child of tender years. (*Marcus v. Marcus*, 24 Ill.App.3d 401, 320 N.E.2d 581.) The wife had custody of the child for about 3 months following the separation of the parties. At the time of the entry of the divorce decree, the husband had had the temporary custody of the child for nearly 8 months. The trial court found that the best interests of the child would be served by preservation of the status quo, *i.e.*, that the husband should retain the custody of the child. Appellate courts have commented that nothing is more injurious to the welfare of a child than to have the child shuttled between contesting parents. (*Jenkins v. Jenkins*, 81 Ill.App.2d 67, 225 N.E.2d 698; *Bulandr v. Bulandr*, 23 Ill.App.2d 299, 162 N.E.2d 585.) Although the wife was found to be fit to have custody, there was evidence of occasional in-

stances of the wife's neglect of the child. Therefore, the trial court's determination that the best interests of the child would be served by continuing the husband's custody of the child cannot be said to have been against the manifest weight of the evidence.

■■ Finally, the husband has filed a cross-appeal, and we must first determine whether we have jurisdiction to hear it. The husband objects to the trial court's findings that he had not proven adultery against the wife and that the wife was a fit person to have custody of the child. Even though the husband received the relief which he had sought, the findings at the time of the decree on the issues of fitness and adultery were adverse to his interests and, in any subsequent child custody proceedings, would have been binding upon him with regard to the conduct of the wife prior to the divorce decree. Consequently, this court has jurisdiction to decide the husband's cross-appeal. The husband's only evidence regarding the alleged adultery of the wife was her admission that on a number of evenings while the husband was at work another man had visited the wife at the marital residence and that the other man sometimes stayed until the early hours of the morning. However, the wife denied that she had had sexual intercourse with the other man. Regarding the issue of the wife's fitness to have child custody, the husband and his witnesses testified that the wife was unfit while the wife and her witnesses testified that she was fit. Under this state of the evidence, we cannot say that the findings of the trial court were against the manifest weight of the evidence.

Accordingly, the judgment of the trial court is affirmed.

Affirmed.

SIMKINS, P. J., and CRAVEN, J., concur.