DIANA L. HOHIMER DRAKE, Petitioner-Appellant, *v.* ROBERT L. HOHIMER, Respondent-Appellee.

Fourth District No. 13505

Opinion filed January 29, 1976.

Stuart Dobbs and J. R. Meno, both of Denby, Dobbs & Meno, of Carlinville, for appellant.

Giffin, Winning, Lindner, Newkirk, Cohen, Bodewes & Narmont, of Springfield (John R. Keith, of counsel), for appellee.

Mr. JUSTICE CRAVEN delivered the opinion of the court:

Plaintiff, Diana Hohimer Drake, appeals from an order of the circuit court of Macoupin County which awarded permanent custody of the children of the parties to Robert Hohimer, defendant. A complaint for divorce on the ground of mental cruelty had been filed by the plaintiff against her husband, and he counterclaimed for divorce on the same

ground. The trial court awarded the divorce to the plaintiff. Following a custody hearing, the trial court found both parents fit, and that it was in the best interests of the children to award custody to the father.

On appeal plaintiff argues that the trial court erred in not adhering to the rule that custody of minor children should be placed with the mother if both parents are found fit. Plaintiff also contends that the trial court considered improper evidence, and that the award of custody to the father is against the manifest weight of the evidence. The children involved are a girl age 9, and a boy age 5.

Plaintiff relies upon *Nye v. Nye*, 411 Ill. 408, 105 N.E.2d 300, in support for her position that if both parents are equally fit, custody should be given to the mother. Defendant argues that any presumption whatsoever favoring custody with the mother is improper and cites the 1970 Illinois Constitution, article I, section 18, which forbids discrimination on account of sex.

■■ The constitutional question need not be reached in this case because we do not read *Nye* as requiring the award of custody to the mother if she is found to be fit. The fact that the mother is fit is only one factor to be considered by the trial court. (*Marcus v. Marcus,* 24 Ill.App.3d 401, 320 N.E.2d 581.) Moreover, this court has recently stated that as a result of recent social and legal trends we cannot recognize a presumption in favor of the mother in a contest for custody of children of tender years. (*Pratt v. Pratt,* 29 Ill.App.3d 214, 330 N.E.2d 244.) As the supreme court stated in *Nye:* "The guiding star is and must be, at all times, the best interest of the child." 411 Ill. 408, 415.

Plaintiff next argues that the trial court considered improper evidence in reaching its decision. This evidence consisted of testimony by both the plaintiff and others that during the period leading up to her divorce from the defendant, plaintiff was not a good mother. During this time the plaintiff did not take care of the house. She often left the children with a babysitter. Her attitude toward the children indicated that she did not care about them. She also lived with and had a child by a man not her husband.

■■ In *Nye*, the supreme court held that past misconduct, where the evidence indicates no probable future misconduct, should not be the basis for denying custody to the mother. (411 Ill. 408, 415.) In awarding custody to the father in this case, the trial court stated that he believed that the mother's past attitude and conduct toward her children was detrimental to them. We do not believe that plaintiff's contention requires reversal for two reasons. First, there was some evidence in the record that, at times subsequent to the divorce, the children were not too clean when they came from their mother's house. Second, even if the

trial court considered improper evidence, reversal will result only if the ultimate decision was contrary to the manifest weight of the evidence. (*Anagnostopoulos v. Anagnostopoulos*, 22 Ill.App.3d 479, 317 N.E.2d 681.) Upon this record, the trial court's award of custody to the father was not against the manifest weight of the evidence.

The evidence, briefly summarized, reveals that plaintiff is presently living with her husband, Thomas Drake. Mr. Drake has three children from a prior marriage. Their ages are 4 through 9. These children live in the Drake residence five days a week. A fourth child, born of the marriage between plaintiff and Mr. Drake, also resides with them. Plaintiff works about 2 days every 2 weeks. Mr. Drake works full time. When the plaintiff works, her sister-in-law watches the children.

After the entry of the divorce decree, but prior to the award of permanent custody (a period of about 1½ years), plaintiff had temporary custody of the girl. Also during this time she had the right of visitation with the boy. Evidence showed that both children initially had difficulty adjusting to life at the Drake residence. There was jealousy between the children of the two families, and the Hohimer children had a problem handling discipline from Mr. Drake. The evidence showed, however, that the girl was no longer having problems. The boy on the other hand still had some difficulty, apparently because he did not live in the house all of the time. Plaintiff testified that she believes things are now settling down, and that all six children have good relationships with each other.

Defendant took care of the boy prior to the award of permanent custody. Defendant has a full-time job at which he works 50 hours per week. He goes to work at 7 a.m. and takes the boy to a babysitter. The child attends kindergarten in the afternoon until 4 p.m. when he returns to the babysitter. The defendant picks up the boy at 5:20 p.m.

Plaintiff argues that because the father is at work all day, and she is not, she should have been awarded the custody. This factor may be a strong consideration in a case in which children are of preschool age, but it is less important when children attend school for the greater part of the day. Here, one child is in third grade and the other will be starting first grade in a short time. With both children in school, the need for a parent to be in the home during the day is greatly reduced. We are unable to say that the trial court abused its discretion in awarding custody to the father, even though he will not be at home during the day.

A reviewing court will not disturb the award of the trial court in a child custody case unless it appears that manifest injustice has been done. (*Sorenson v. Sorenson*, 10 Ill.App.3d 980, 295 N.E.2d 347.) The trial court here found that the father would be able to give additional

love and affection to the children because there would not be members of another family present in the house. On this record we do not find that manifest injustice has been done by the awarding of custody of the children to the father.

Judgment affirmed.

TRAPP, P. J., and GREEN, J., concur.