MARILYN DAVIS, Plaintiff-Appellant, *v.* JOHN FLOYD DAVIS, Defendant-Appellee.

Fourth District   No. 13005

Opinion filed September 16, 1976.

Law Offices of Harlan Heller, Ltd., of Mattoon (Harlan Heller, of counsel), for appellant.

Ralph D. Glenn, of Glenn and Logue, of Mattoon, for appellee.

Mr. JUSTICE SIMKINS delivered the opinion of the court:

Plaintiff instituted an action for divorce on grounds of physical and mental cruelty, and the defendant counterclaimed for divorce on the grounds of adultery. The trial court granted the defendant a divorce on his counterclaim. The husband was granted custody of the two unemancipated children of the marriage. The plaintiff wife appeals from the order granting permanent custody of one of the children to the defendant husband, and from the property provisions of the decree.

The parties were married in December, 1953. Three children were born of the marriage. The oldest is married and no longer living at home. The other two children are Bryan and Colleen, 15 and 13 respectively, at the time of the hearing. On appeal plaintiff specifically argues that she should be given the custody of the daughter on the basis of the tender years doctrine. Whether the tender years doctrine even applies to children of this age is questionable. (*Patton v. Armstrong* (1974), 16 Ill. App. 3d 881, 307 N.E.2d 178.) That doctrine, if it exists at all (see *Drake v. Hohimer* (1976), 35 Ill. App. 3d 529, 341 N.E.2d 399) is not an inflexible rule. That the mother is declared fit is merely one factor to be considered. *Marcus v. Marcus* (1974), 24 Ill. App. 3d 401, 320 N.E.2d 581.

Plaintiff argues that the decision of the trial court is against the manifest weight of the evidence. She points to testimony that indicates defendant was a strict disciplinarian and had hit the two boys on occasion. However, there is no evidence that defendant had ever used physical force against Colleen, and Colleen is the only child plaintiff seeks custody of on appeal. Mark, the oldest son who apparently had the most difficulty in getting along with his father, testified his father and Colleen had a "real good" relationship. Bryan, the middle child, testified in the hearing that he would like to stay with his father.

▪▪▪. The trial court has a broad discretion in awarding custody, and that decision will not be disturbed unless it will cause a manifest injustice or it is against the manifest weight of the evidence. (*Christensen v. Christensen* (1975), 31 Ill. App. 3d 1041, 335 N.E.2d 581.) The trial court heard the parties and all three children. Under the circumstances presented in this record we cannot say his decision was against the manifest weight of the evidence.

The remaining issue involves the property division ordered by the court. The trial court ordered that each party receive one of the family's vehicles and one-half of the amount in a joint savings account (approximately $180 apiece). The only remaining property was the jointly owned marital residence and its furnishings. The marital home and its furnishings were awarded to the husband and he was directed to pay plaintiff $4000 as and for her special equity therein. Both parties were forever barred from seeking alimony from the other.

The parties purchased their first home in 1954, using as a down payment money saved in the first few years of the marriage. They sold the first and used the profit as a down payment on the second. The same procedure was followed in the purchase of the residence in which the parties lived until the separation. In plaintiff's opinion, based on sales of houses nearby, the residence was worth $20,000 to $21,000. Defendant valued it at $15,000 to $17,000. The balance on the mortgage at the time of the hearing was less than $3000.

The plaintiff worked during the first three years of the marriage until the birth of the first child. She testified that, during those years, she gave all her earnings to defendant. In 1966, she resumed employment and has worked continually since then. She testified that after the first few weeks, she gave defendant an average of $50 a week depending on what she made. Defendant testified that plaintiff only started to contribute in 1968, and then it was $35 to $50 a week for some weeks and some weeks nothing. All of this money went to pay the family bills.

Plaintiff testified every room in the marital residence had been remodeled and she has helped defendant in making those improvements. Defendant testified she sometimes helped in the remodeling.

Plaintiff testified that the furnishings had, in her opinion, a value of $5000. Defendant gave no opinion as to value but stated that much of it was old. Plaintiff had bought some of the furnishings from money she had kept for herself.

The trial court found that each of the parties had acquired special equities in the property acquired by the parties and ordered defendant to pay plaintiff $4000 for her special equities in the home and furnishings.

The authority of the trial court to order a conveyance of property is based upon the powers conferred by statute. (*Debrey v. Debrey* (1971), 132 Ill. App. 2d 1072, 270 N.E.2d 43.) Section 18 of the Divorce Act (Ill. Rev. Stat. 1973, ch. 40, par. 19) is not involved as that concerns alimony, which both parties were forever barred from claiming.

Section 17 provides:

"Whenever a divorce is granted, if it shall appear to the court that either party holds title to property equitably belonging to the other, the court may compel conveyance thereof to be made to the party entitled to the same, upon such terms as it shall deem equitable." Ill. Rev. Stat. 1973, ch. 40, par. 18.

The trial court's order, at a minimum, was ambiguous. By virtue of the joint tenancy plaintiff had a one-half interest in the home. This interest was worth at least $6000. If the award was merely compensation for that interest, $4000 is clearly inadequate. If the award was made based on her alleged special equity in the house, the award would be the combination

of the one-half interest and her special equities and must also have been inadequate.

If the award was her one-half interest minus the special equities of the husband, the award must fail because the evidence was insufficient to establish any special equities in his favor. The mere fact that he contributed more money to the family coffers is not sufficient to prove special equities. *Lawyer v. Lawyer* (1974), 19 Ill. App. 3d 571, 312 N.E.2d 7.

Defendant testified that he desired to send the two younger children to college, if they so wished, and that, if necessary, he would remortgage the house to provide the money. He contends that this plus his permanent custody amount to special equities under the holding of *Imbrie v. Imbrie* (1968), 94 Ill. App. 2d 60, 230 N.E.2d 381. In *Imbrie,* the appellate court upheld the transfer of the husband's one-half interest in the marital domicile, which was subject to a $10,000 mortgage, to the wife on the basis of special equities which apparently consisted of the hardship on the wife and children. *Imbrie* appears to be aberrational (see Neumark, *Property Rights in Divorce*, 62 Ill. B.J. 242, 249-250 (1974)) in that hardship, like fault, has not been considered relevant to the question of special equities under section 17 of the Divorce Act. *Ganzer v. Ganzer* (1969), 110 Ill. App. 2d 394, 249 N.E.2d 660; *David v. David* (1968), 102 Ill. App. 2d 102, 243 N.E.2d 485.

That additional expenses may one day be incurred in the event that one or both of the children seeks a college education, does not establish a "special equity" within the purview of section 17 so as to warrant the court in divesting plaintiff of her property without adequate compensation.

■■ Since the circuit court erred in its dispositions of the respective property interests in question, that portion of the judgment is reversed and the cause remanded with directions that those interests be readjudicated in conformity with the views herein expressed. In all other respects, the decree is affirmed.

Affirmed in part, reversed in part, and remanded with directions.

TRAPP, P. J., and GREEN, J., concur.