*In re* MARRIAGE OF RODGER W. FARRIS *et al.*—(RODGER W. FARRIS, Petitioner-Appellee, *v.* DEBORAH L. FARRIS, Respondent-Appellant.)

Fourth District   No. 15298

Opinion filed March 30, 1979.

Sharon L. Sigwerth, of Barrett, Morris & Broom, of Carbondale, for appellant.

Hull, Campbell, Robinson & Gibson, of Decatur (Michael I. Campbell, of counsel), for appellee.

Mr. JUSTICE GREEN delivered the opinion of the court:

This appeal is brought by respondent, Deborah L. Farris, from the circuit court of Macon County's granting of a change of custody of her minor daughters, Ginger and Tammy, ages five and four, to their father, Rodger W. Farris, pursuant to his petition of August 22, 1978. Respondent had originally been awarded the custody of the girls under a divorce decree of December 1, 1976.

■■ On review, respondent contends that section 610(a) of the Illinois Marriage and Dissolution of Marriage Act (Ill. Rev. Stat. 1977, ch. 40, par. 610(a)) prescribes the standard which must be reached before a modification of custody may be made within 2 years of an original custody judgment and that the trial court failed to apply that standard in the instant case. Further, respondent maintains that, even assuming the standards for modification of custody as set forth in section 610(b) of the Act (Ill. Rev. Stat. 1977, ch. 40, par. 610(b)) to be applicable, the court's decision to change custody was contrary to the manifest weight of the evidence.

Section 610(a) provides:

"(a) No motion to modify a custody judgment may be made earlier than 2 years after its date, unless the court permits it to be made on the basis of affidavits that there is reason to believe the child's present environment may endanger seriously his physical, mental, moral or emotional health." (Ill. Rev. Stat. 1977, ch. 40, par. 610(a).)

That provision does not set forth the standard which must be reached before a change of custody may be made but rather requires the filing of affidavits in instances where custody modification is sought within 2 years of an original custody determination. In the instant case, petitioner's own affidavit accompanied his August 22, 1978, petition and stated that since the divorce, respondent had, *inter alia*, (1) repeatedly kept the children in

the company of several different men, (2) wandered from place to place without providing the children with a stable home environment, and (3) maintained a habit of leaving the children with friends or relatives for long periods of time. The affidavit also stated that respondent is now employed during hours not conducive to properly raising children. Although the affidavit lacked desirable specificity, it nonetheless creates reason to believe the children's present environment may endanger seriously their physical, mental, moral, or emotional health (*Boggs v. Boggs* (1978), 65 Ill. App. 3d 965, 383 N.E.2d 9). And failure to comply more closely with the dictates of section 610(a) did not amount to reversible error.

Section 610(b) of the Marriage and Dissolution of Marriage Act provides:

"(b) The court shall not modify a prior custody judgment unless it finds, upon the basis of facts that have arisen since the prior judgment or that were unknown to the court at the time of entry of the prior judgment, that a change has occurred in the circumstances of the child or his custodian and that the modification is necessary to serve the best interest of the child. In applying these standards the court shall retain the custodian appointed pursuant to the prior judgment unless:

(1) the custodian agrees to the modification;  ·

(2) the child has been integrated into the family of the petitioner with consent of the custodian; or

(3) the child's present environment endangers seriously his physical, mental, moral or emotional health and the harm likely to be caused by a change of environment is outweighed by its advantages to him." Ill. Rev. Stat. 1977, ch. 40, par. 610(b).

The evidence indicated that since the parties' divorce, respondent had changed residences a number of times, attended school full-time for 3 months, and worked various jobs, sometimes concurrently and often during the late night and into the early morning hours. Other evidence indicated that respondent devoted very little time to her children, even when not working, and that often her whereabouts were unknown to those placed in charge of taking care of the girls. Respondent gave testimony disputing these points.

■■ Petitioner also points to evidence of respondent's sexual relationships with various men while having custody of the children in support of the trial court's ruling. However, it is well recognized that where no showing is made of detriment resulting to the children, evidence of a parent's extramarital relationship with another is insufficient upon which to base a change of custody. *Jarrett v. Jarrett* (1978), 64 Ill. App. 3d 932, 382 N.E.2d

12; *Christensen v. Christensen* (1975), 31 Ill. App. 3d 1041, 335 N.E.2d 581.

The children have resided with petitioner and his present wife since June 1978. Ginger attends a school in that locale. Uncontradicted testimony established that Ginger is a slow learner and is behind her schoolmates and that petitioner and his wife work with her daily. Disputed testimony was received as to whether respondent had informed petitioner of Ginger's difficulty although it is undisputed that respondent had knowledge thereof prior to the girls' residing with petitioner.

The evidence was also in dispute as to respondent's contact with the girls since their departure to live with their father. The trier of fact could have concluded that respondent had not seen them since that time and had not made a serious effort to contact them prior to the initiation of the instant proceeding.

■■ Respondent asserts that by means of her status as the mother of children of tender years, a presumption exists in her favor as to custody. That presumption, however, is no longer recognized by this court. *Drake v. Hohimer* (1976), 35 Ill. App. 3d 529, 341 N.E.2d 399; *Pratt v. Pratt* (1975), 29 Ill. App. 3d 214, 330 N.E.2d 244.

In *Rippon v. Rippon* (1978), 64 Ill. App. 3d 465, 381 N.E.2d 70, the reviewing court upheld the trial court's denial of a modification of custody, finding that (1) respondent had acted responsibly toward the children, (2) the housing problems she encountered were largely beyond her control and her numerous changes of residence were attempts to improve her living conditions, and (3) there was no showing that her extramarital sexual relations affected the relationship between herself and her children. In *Jarrett*, the reviewing court reversed a custody modification where the sole evidence of a change of circumstances was that respondent and her children resided with an unmarried man and no evidence supported the conclusion that the children's moral well-being was endangered thereby.

Here, the evidence failed to show that prior to the parties' divorce, respondent's lifestyle detracted significantly from the amount of time which she could devote to the children. Similarly, no showing was made that such a situation was contemplated by the court at the time of the original custody award. The evidence, as a whole, supported the trial court's finding that a change in the circumstances of the children's custodian had occurred.

Ample evidence was also presented that while living with petitioner and his wife, the children were under constant supervision, appeared happy, and were better behaved than previously. Other evidence indicated that Ginger's schoolwork improved during this time. Such

would support the court's finding that modification is necessary to serve the children's best interests.

The evidence of respondent's inability to devote sufficient time to the children and her lack of concern for their well-being together with the evidence of the advantages to the children of living with their father, support the trial court's conclusions, implicit in its ruling, that the children's present environment endangers seriously their physical, mental, moral, or emotional health and that the harm likely to be caused by a change of environment is outweighed by its advantages to them.

The record presented a close question to the trial court as to whether custody should have been modified. That court's decision was not contrary to the manifest weight of the evidence. Accordingly, we affirm.

Affirmed.

REARDON, P. J., and MILLS, J., concur.