DOROTHY (GOTTEMOLLER) KLITZING, Petitioner-Appellant, *v.* JAMES GOTTEMOLLER, Respondent-Appellee.

Third District    Nos. 78-313, 78-121 cons.

Opinion filed September 25, 1979.

Gerald M. Hunter, of Oglesby, for appellant.

Robert M. Hansen and R. J. Lannon, Jr., both of Herbolsheimer, Lannon, Henson and Duncan, P. C., of La Salle, for appellee.

Mr. PRESIDING JUSTICE STOUDER delivered the opinion of the court:

This is an appeal from an order of the circuit court of La Salle County modifying a divorce decree by changing the custody of two minor children from petitioner, Dorothy (Gottemoller) Klitzing, to respondent, James Gottemoller.

On February 20, 1974, the marriage between the petitioner and the respondent was dissolved. At that time the court granted custody of three minor children, namely Jimmie, Jeannie and Michael, to the petitioner, and awarded custody of the other three minor children, namely Julie, Vickie, and Joseph, to the respondent.

Soon after the dissolution, Jimmie, in the petitioner's custody, became unmanageable. By agreement of the parties, custody of Jimmie was transferred to the respondent by order of the court dated October 28, 1974.

Subsequent to the February 20, 1974, dissolution, an appeal previous to this one was had by the petitioner regarding a homestead exemption and some special equities in property. (*Gottemoller v. Gottemoller* (1976), 37 Ill. App. 3d 689, 346 N.E.2d 393.) Although those matters are of no concern to the instant appeal, respondent at that time counter-appealed on the issue of the custody of the three minor children which had been awarded to the petitioner. On that issue the appellate court concluded that the trial judge had erred in sustaining petitioner's objection to the testimony of Dr. Manfredi, petitioner's psychiatrist. The court remanded the custody issue to the trial court for consideration of the testimony of Dr. Manfredi.

On August 12, 1977, the trial court heard Dr. Manfredi's testimony. At the conclusion of the evidence the trial court again granted custody of Jeannie and Michael to the petitioner.

Subsequent to those August 12 determinations the respondent filed a

petition for modification of the divorce decree, asking for permanent custody of the two minor children (Jeannie and Michael) then under the petitioner's care.

A hearing on respondent's petition to modify was had on December 12, 1977. Prior to the December 12 hearing, petitioner had agreed to respect the wishes of her youngest daughter, Jeannie, and had stipulated to a transfer of her custody to the respondent. At that time the trial court required further stipulation that petitioner have reasonable visitation rights with Jeannie.

At the conclusion of all the evidence proffered to the trial court at the December 12 hearing, the court found both parents to be fit to have the custody of any of their children. On December 30, it ordered that the custody of Jeannie be changed from the petitioner to the respondent pursuant to the stipulation. Moreover, the court found that, "it would be manifestly unfair to Michael to separate him from all of his brothers and sisters," and, "that sooner or later Michael will suffer seriously in his physical, mental and emotional health by being separated from his brothers and sisters." On the basis of those opinions the trial court also ordered a change in the custody of Michael from petitioner to respondent. Although the court order of December 30, 1977, had specified certain visitation rights with respect to Michael, it failed to do so with respect to Jeannie and Jimmie, two of the minor children whom she was originally granted custody of.

On June 7, 1978, petitioner filed a petition to modify a decree of divorce with respect to child visitation. In that petition, petitioner requested visitation rights with her daughter, Jeannie, and son, Jimmie. On June 9, 1978, a hearing was held on petitioner's request for visitation rights. At the conclusion of that hearing, having heard the testimony of Jeannie and Jimmie, the trial court denied petitioner's request for visitation. Petitioner has appealed both from the order transferring the custody of Michael to the respondent and the order denying visitation rights with respect to Jeannie and Jimmie.

On this appeal the petitioner urges that the court erred in awarding custody of Michael to the respondent because (1) the court had no authority to consider a change of custody at the time it did and (2) the modification is not supported by the evidence.

Section 610A of the new Illinois Marriage and Dissolution of Marriage Act (Ill. Rev. Stat. 1977, ch. 40, par. 610A) states:

"No motion to modify a custody judgment may be made earlier than two years after its date, unless the court permits it to be made on the basis of affidavits that there is a reason to believe the child's present environment may endanger seriously his physical, mental, moral or emotional health."

According to the petitioner the decree entered by the court on August 12, 1977, is less than two years from its subsequent modification on December 12, 1977, and consequently the foregoing section precludes a new reconsideration of the custody issue.

While a literal application of the statute might support the petitioner's contention, it is substance and not mere form which determines the applicability of the statute. The determination by the court in August 1977 was not a new consideration of the custody issue but rather represented a determination as of the date of the initial custody decree in 1974. The additional evidence considered by the trial court did not refer to circumstances of the parties in 1977 but rather the circumstances which took place prior to the initial custody order. For that reason we believe the spirit and intent of the statute do not preclude a reconsideration of the custody issue. *In re Marriage of Farris* (1979), 69 Ill. App. 3d 1042, 388 N.E.2d 232; *Boggs v. Boggs* (1978), 65 Ill. App. 3d 965, 383 N.E.2d 9.

In arguing that the evidence does not support the court's order the petitioner contends that there is an absence of any change in circumstances occurring subsequent to August 12, 1977, injuriously affecting Michael's health.

The major thrust of the petitioner's argument in this regard is that the court, in considering whether changes in circumstances had occurred, was limited to the period between August 12, 1977, and December 12, 1977. Alternatively the petitioner insists that the court on August 12, 1977, was aware of the circumstances which had occurred subsequent to the entry of the divorce decree and that the order of August 12, 1977, took those factors into account.

We do not agree with the petitioner's basic premise, *i.e.*, that the determination of August 12, 1977, represented a complete determination based on the facts as they existed at that time. Rather, the testimony of Dr. Manfredi was the only additional evidence considered and that only in connection with the evidence previously considered by the court as a basis for its 1974 custody provisions.

Since the entry of the original decree two of the three children whose custody had been awarded to the petitioner were no longer in her custody. With the agreement of the petitioner, custody of these children had been transferred to the respondent. The custody of Jimmie had been changed in October 1974 because of problems which the petitioner was unable to cope with, and custody of Jeannie apparently was changed to the respondent sometime after the August 12, 1977, order because of the child's preference to be with her father.

Four of the eight children of the parties were no longer at home but three of Michael's siblings were at home in the custody of their father.

That Michael was now separated from his siblings, and the reasons therefore, did constitute change in circumstances which occurred subsequent to the initial custodial arrangement. While the evidence is disputed, particularly as to the conclusions which should be drawn so far as it concerns Michael's physical and emotional health, we do not believe it can be said as a matter of law that the findings of the trial court concerning the injury to Michael's emotional and physical health if separated from his brothers and sisters are against the manifest weight of the evidence. Like so many of the problems related to the provisions for child custody, the trial court is required to consider alternatives which are neither wholly bad nor wholly good. In the final analysis, the trial court's decision is based on the exercise of its discretion, and such discretion will not be disturbed unless palpably erroneous.

This brings us then to the petitioner's last assignment of error, which she argues occurred when the trial court denied her petition for reasonable visitation with her daughter Jeannie.

On June 7, 1978, the petitioner sought a modification of the decree so that it would provide for visitation of her daughter Jeannie. The petition asked that the visitation provision provide that Jeannie visit the petitioner in California for six weeks commencing June 12, 1978, and ending July 24, 1978, and that Jeannie visit the petitioner for a similar period during the following summers. At the hearing on this petition Jeannie indicated that she had made plans for the summer which did not include any six-week trip to California and that, because of these plans, requiring her to go to California would be inconvenient and undesirable.

⊚ 3 It is obvious that any issues relating to the visitation in the summer of 1978 or 1979 are moot, and consequently no useful purpose can be served in considering the specific visitation request made by the petitioner. As the court pointed out in December 1977 when it changed custody of Jeannie to respondent and again in January when the court considered a petition for rehearing of its previous order, the petitioner should be permitted liberal visitation with her daughter, taking into account the distance, time and expense involved. While the court was unwilling to grant the specific request of the petitioner for six weeks visitation in the summer of 1978 because of her daughter's plans and inclinations, this does not mean that visitation in subsequent years was foreclosed or that alternative visitation arrangements in subsequent years would not be favorably considered, depending on the circumstances existing at the time. In view of the situation which existed in 1978, the trial court can hardly be faulted for failing to make arrangements at that time for future years depending on circumstances about which the parties could only speculate.

For the foregoing reasons the judgment of the circuit court of La Salle County is affirmed.

Judgment affirmed.

ALLOY and SCOTT, JJ., concur.