## Sheila B. Leary, Plaintiff-Appellant, v. Robert E. Leary, Defendant-Appellee.

### Gen. No. 65–11.

Fifth District.

.July 13, 1965.

Wagner, Conner, Ferguson, Bertrand & Baker, of Belleville (John D. Bauman and Paul M. Storment, Jr., of counsel), for appellant.

Jones, Ottesen & Fleming, of Belleville (Ralph J. Derango, Jr. and Patrick J. Fleming, of counsel), for appellee.

MORAN, GEORGE, J.

This is an appeal by plaintiff, Sheila B. Leary, from a decree of the Circuit Court of St. Clair County, Illinois, awarding defendant, Robert E. Leary, a divorce and custody of the four minor children of the parties on his counterclaim.

The plaintiff filed a complaint for divorce on November 20, 1963, charging defendant with extreme and repeated cruelty and asking for custody of their four minor children, Dennis, 8½, Deirdre, 7, Christopher, 5, and Eileen, 3. The defendant filed a counterclaim for divorce, charging the plaintiff with adultery and asking for custody of the said children. Both plaintiff and defendant alleged that they were separated on November 16, 1963.

The trial of this cause commenced on January 17, 1964 and proceeded intermittently until March 6, 1964 when the trial judge entered a decree dismissing plaintiff's complaint and granting defendant a divorce on his counterclaim of adultery. The plaintiff was awarded the care, custody and control of the aforesaid children, and the defendant was ordered to make support payments. The defendant then filed a post-trial motion requesting the court to vacate that portion of the decree awarding custody of the children to the plaintiff and ordering him to make support payments. On October 5, 1964, the court allowed defendant's post-trial motion, modified the decree and granted custody of the children to the defendant.

Appellant contends that the trial judge erred in granting defendant's post-trial motion and in modifying the original decree, especially after so long a time. Appellee contends that the trial judge was correct in partially vacating the original decree in order to grant custody of the children to him.

In view of the position we take of this case, an extended recitation of the facts is not necessary. Plaintiff and defendant, an Air Force officer, were married on August 27, 1954. Four children were born of this marriage, Dennis, now 10 years of age, Deirdre, 8½, Christopher, 6½ and Eileen, 4½. At the time of the filing of the aforementioned complaint in November of 1963, they were 8½, 7, 5 and 3, respectively. The

153

plaintiff has had the exclusive care, custody and control of the children since that time.

The evidence on behalf of the defendant disclosed that the plaintiff, while under treatment by a psychiatrist, indulged in moral indiscretions with one or more men and that she was separated from her children from June, 1961 to September, 1961 and from July, 1962 until June, 1963. During this time the children stayed with defendant's brother-in-law and sister, Dr. and Mrs. Joseph Farrell of Long Island, New York. The Farrells, who have three children of their own, testified that the Leary children were happy and content with them and that they would provide a home for the Leary children, if necessary. A spinster sister of the defendant testified that she would be willing to give up a high-paying job in New York and move to St. Clair County to take care of the children, if necessary. The Farrells and defendant's sister were all of the opinion that plaintiff was not a proper person to take care of the children. Defendant is an Air Force officer and the transitory nature of his employment made it impossible for him to personally take adequate care of the children.

Evidence on behalf of the plaintiff tended to prove that she took proper care of the children. Dr. Edward H. Cord, a psychiatrist, testified that he had treated her since 1961; that she was capable of handling her own affairs, including taking care of her children. He felt that she was a good mother. He also stated that her problems were emotional and that she was not psychotic, her biggest problem being a neurotic fear of her husband.

When the trial court entered its decree on March 6, 1964, awarding the custody of the children to the plaintiff, they had already been in her exclusive custody for approximately six months. When it entered the amended decree seven months later taking

154

the children from the plaintiff and awarding them to the defendant, they had been in her custody for over a year. This was tantamount to amending the decree with no evidence of changed conditions. We believe that the evidentiary record at the time the amended decree was entered was inadequate for the trial court to support its action in so changing the custody of the children.

The children have now been in the mother's exclusive custody for nearly two years. If we should affirm the judgment of the trial court after this length of time, we may be taking the children from a home where they have had a satisfactory environment and to which they have now grown accustomed. This would, indeed, be a great disservice to them. We find that the evidentiary record before us is inadequate for a proper review of the decree at this time.

We direct the trial court to conduct further proceedings in this case in order that an evaluation of the status of all the children, from the time plaintiff has had them in her exclusive custody, can be made. The trial judge who conducted the original proceedings in this case would not be precluded from conducting the further proceedings herein ordered because of any orders entered after his allowance of the post-trial motion. If the evidence discloses that the children are leading a normal life under normal conditions and have been properly cared for since November 16, 1963, their custody should remain with their mother. In the case of Nye v. Nye, 411 Ill 408, 105 NE2d 300 (1952), the court said at 414:

> "Under our divorce statute the court is clothed with a large discretion in determining to which parent a child will be given. It is usual in such cases, due to the tender years of the child and in consideration of its best interests, to entrust its care and custody to the mother, she being a fit

and proper person to rear the child. (Miner v. Miner, 11 Ill 43; Draper v. Draper, 68 Ill 17.) The maternal affection is more active and better adapted to the care of the child. Especially is this true in the case of a minor daughter, where the care and guidance of a mother's hand is doubly important. This principle has become so well fixed and followed in this State that this court has not in recent years been called to rule upon it. Therefore, compelling evidence must be presented, proving the mother to be an unfit person, to cause the custody of her minor daughter to be denied her, or there must be a positive showing that to deny custody to the mother would be for the best interests of the child."

and on 415:

"Where the mother is able to care for her minor daughter and is not shown to lack the proper attributes of good motherhood, past misconduct, where the evidence indicates no probable future misconduct, should not be a basis for denying custody to the mother. To do so would be not only to punish the mother for her past misconduct, but, more important, would punish the child by denying her a mother's care and guidance. It is not the purpose of this court, nor of any court, to so punish an innocent child. The guiding star is and must be, at all times, the best interest of the child."

We deem the above language to be particularly appropriate in the present case.

For the foregoing reasons the order of the trial court granting the defendant a divorce on his counter-claim is affirmed. The order granting the defendant the care, custody and control of the children and va-

cating the order for payment of support money is reversed and remanded for further proceedings not inconsistent with this opinion.

Decree affirmed in part, reversed in part and remanded with directions.

EBERSPACHER, P. J. and GOLDENHERSH, J., concur.