**Paul Hahn, Plaintiff-Appellee, v. Dale Hahn, Defendant-Appellant.**

Gen. No. 65–124.

Second District.

April 29, 1966.

 
 

John Demling, of Glen Ellyn, for appellant.

Leren & Burek, of Wheaton, for appellee.

MR. JUSTICE ABRAHAMSON delivered the opinion of the court.

This is an appeal from the Circuit Court of DuPage County, wherein the court entered an order modifying a prior decree of divorce and awarded the custody of the minor children of the parties to the father. The decree of divorce obtained by Dale Hahn was entered on May 5, 1965. Dale Hahn, the mother, was awarded custody of Douglas, then 4½ years of age, and Darcy, then 2½ years of age, with visitation rights granted to their father, Paul.

The trial court found from the evidence that shortly after the decree of divorce was entered Dale began living in open adultery with a married man. Between the date of the decree and the filing of the petition herein, it is uncontroverted that this man stayed overnight on many occasions in the residence which was the home of Dale and her two children. The witnesses who testified at the hearing before the court without a jury were numerous and their testimony was lengthy. No purpose would be served by reciting every detail.

The trial court in its determination found that the evidence of physical neglect or lack of affection on behalf

of Dale toward her children was not compelling and that Dale gave her children adequate physical supervision. The decision of the trial judge was based on his finding that the actions of Dale and the man with whom she was involved showed disdain for the standards of morality accepted in the community and indicated an attitude which gave no assurance of Dale's conduct in the future. The evidence discloses that since the petition was filed herein, Dale had rented her home, and that she and her children were living with her mother. It further discloses that the man with whom she was involved had accepted a position in Milwaukee, Wisconsin, and he was living there.

The changes in the living conditions of Dale and her friend appear to be the result of financial problems only. There is nothing to indicate that these changes were an effort to terminate the relationship.

Plaintiff resides with his parents, both of whom are employed. In the event of a change in custody his mother will stop work and provide the care for the children. There is no contention by Dale that Paul is not a fit and proper person to have custody of the children nor is the home of his parents inadequate to house the children.

 We are called upon to review this factual situation to determine whether the mother is an unfit person to have the custody of her children and whether a change of custody would be for the best interest of the children. The court has a great responsibility and wide discretion in determining to which parent a child will be given. In consideration of their best interest, children of tender years are usually entrusted to the care of the mother, she being a fit and proper person. There must be compelling evidence proving the mother to be an unfit person to cause the custody to be denied her. Nye v. Nye, 411 Ill 408, 414, 105 NE2d 300.

■ It has been held that indulgence in moral indiscretions, where the children are leading a normal life are not grounds for a change of custody. Leary v. Leary, 61 Ill App2d 152, 209 NE2d 663. Nor is prior open adulterous conduct after the mother marries the paramour and reestablishes a good home grounds for a change. Nye v. Nye, supra. Giving birth to an illegitimate child by a mother who has custody of minor children by a dissolved marriage is not *of itself* a basis for changing the custody. Jayroe v. Jayroe, 58 Ill App2d 79, 82, 206 NE2d 266; Brown v. Brown (Abst.), 13 Ill App2d 56, 140 NE2d 528. In Wolfrum v. Wolfrum, 5 Ill App2d 471, 126 NE2d 34, however, the father was awarded the custody of the children where the record disclosed a shocking course of adulterous conduct by the mother with a married man where there was no assurance of a future marriage.

■ ■ While the trial court found in this case that the evidence showed no sign of lack of affection nor was there evidence of physical neglect, certainly Dale's conduct cannot be considered conducive to the proper moral training that children of tender years need. We agree with the trial court that the record here is void of evidence that would give any assurance that Dale intended to abandon her ways. In matters concerning the custody of infant children the court will not disturb the determination of the trial judge who has heard the evidence and has had an opportunity to observe the parties, unless it appears manifest injustice has been done. Rodely v. Rodely, 28 Ill2d 347, 350, 192 NE2d 347.

We cannot see that the order of the trial court in this instance is manifestly unjust. Judgment of the trial court is affirmed.

Judgment affirmed.

MORAN, P. J. and DAVIS, J. concur.