CARLENE KAY KAUFFMAN, Plaintiff and Counterdefendant-Appellee, *v.* JOHN ALLEN KAUFFMAN, Defendant and Counterplaintiff-Appellant.

(No. 12850;

Fourth District—July 24, 1975.

Frank H. Byers, of Byers & Hendrian, of Decatur, for appellant.

Greaves and Erwin, of Champaign (Burt Greaves, of counsel), for appellee.

Mr. JUSTICE ALLOY delivered the opinion of the court:

This is an appeal from an order of the Circuit Court of Champaign County which awarded permanent custody of the children of the parties to Carlene Kay Kauffman, plaintiff. A complaint for divorce on the ground

of mental cruelty had been filed by Carlene Kay Kauffman as against John Allen Kauffman, and John Allen Kauffman counterclaimed for divorce upon the same ground. The trial court awarded the divorce to the defendant, John Allen Kauffman.

The issue presented for review in this court is whether the trial court's finding, that the best interests of the minor children would be served by placing them in the custody of the mother, Carlene Kay Kauffman, is against the manifest weight of the evidence. The children involved are a boy, who was 4½ years old, and a girl, who was 2 years old, at the time the order vesting permanent custody of the children in the wife was entered, on June 26, 1974. As has been indicated, the decree for divorce was in favor of the husband, but the custody of the children was awarded to the wife.

At the divorce hearing on January 6, 1974, held on the complaint and counterclaim, it was shown that the wife had frequented taverns, stayed out late at night, failed to account for her activities, and kept company with other men. This conduct on the part of the wife had caused the husband emotional and mental distress. No evidence was presented on the wife's complaint on the divorce issue, and she withdrew her complaint for divorce at the conclusion of the evidence. The court reserved its ruling on the question of permanent custody, and continued an order for temporary custody in the wife (including the use of the marital home).

The parties had agreed that they would consult with a registered psychologist named by the court, and that the report would be admitted in evidence on the question of determining permanent custody of the children. The parties and their son did visit the psychologist. He prepared a report which he sent to the trial court. His opinion was that the wife should be vested with custody of the children.

At the hearing on the question of custody on June 24, 1974, a number of witnesses testified to the wife's drinking habits and her association with men other than her husband. Some witnesses expressed opinions that the wife was not fit to have custody of the children but other witnesses said she was fit to have custody of the children. The testimony of witnesses was that the husband was also fit to have custody of the children. The trial court found, and these findings were supported by the evidence, that both the husband and wife were fit to have custody of the children. The court then awarded permanent custody of the children to the wife, subject to visitation rights of the husband. The appeal is solely from the order awarding custody to the wife.

While it is true that the wife was shown to have a drinking problem, and that she had been dating other man prior to the divorce, it does not

follow that the wife was, therefore, unfit to have custody of the children, as shown by the record. As stated in *Huey v. Huey*, 25 Ill.App.3d 20, 322 N.E.2d 560, a mother is not necessarily unfit even if she had committed adultery and had a drinking problem and was involved in physically cruelty toward the husband.

■■ The well-settled principle which should guide the court in all such custody cases is to discover what is in the best interests of the children. The trial court is vested with broad discretion in the determination of the award of custody, and the decision will not be disturbed on appellate review unless that decision is against the manifest weight of the evidence or clearly contrary to the best interests of the children. We recognize that the trial court has a superior opportunity to observe the parties and witnesses and to evaluate their credibility (*Marcus v. Marcus* (1st Dist. 1974), 24 Ill.App.3d 401, 407, 320 N.E.2d 581). An issue which was raised and argued in this case, is that the plaintiff was awarded custody solely because she was the mother and that a presumption in favor of the mother under such conditions should be condemned. As stated in *Marcus v. Marcus:*

> "* * * there is today no inflexible rule which requires that custody of children, especially of tender age, be vested in the mother. Equality of the sexes has entered this field. The fact that a mother is fit is only one facet of the situation and, standing by itself, it does not authorize a denial of custody to the father, when this appears necessary because of other considerations." 24 Ill.App.3d 401, 407.

In the cause before us, it is apparent that the court did not rely on a so-called "presumption" based upon the sex of the plaintiff in awarding custody to the wife. The evidence shows that the husband had been attending college on a full-time basis, and, at the same time, had been employed at a full-time job until June of 1974. These obligations upon the time of the husband reduced his opportunity for contact with the children. The wife also had more experience in caring for the children. As the psychologist stated in his testimony, the husband "has not had frequent enough interaction experience with the children to prepare him to assume custody at this time in their lives."

On the basis of our review of the record, it cannot be said that the court improperly found that it was to the best interests of the minor children that their custody be vested in the wife or that the vesting of such custody was contrary to the manifest weight of the evidence. The trial court had the opportunity to observe the witnesses, and we recognize a broad discretion in the trial court in such matters and in determining what is in the children's best interests.

162

■■ The order of the trial court awarding permanent custody of the children to the mother, Carlene Kay Kauffman, subject to specific visitation rights in the father, John Allen Kauffman, is not shown of record to be an improper exercise of the court's discretion. Accordingly, such order is affirmed.

Affirmed.

STENGEL and BARRY, JJ., concur.