R. W. HORN WHOLESALE MEATS, INC., Plaintiff-Appellant, *v.* RICHARD LYMAN *et al.*, Defendants-Appellees.

First District (1st Division)    No. 76-628

Opinion filed May 23, 1977.

Sidney B. Margolis, of Chicago, for appellant.

No brief filed for appellees.

Mr. JUSTICE McGLOON delivered the opinion of the court:

This action was brought by plaintiff to collect money allegedly due for merchandise sold and delivered by plaintiff to defendants. After a bench trial, the trial court entered judgment in favor of defendants and plaintiff now appeals.

On appeal plaintiff contends that the trial court's judgment was against the manifest weight of the evidence.

We reverse and remand.

In its second amended and supplemental complaint, plaintiff alleged, *inter alia,* that defendants owed plaintiff on open account the sum of $29,480.12; that the trial court had entered a partial judgment for plaintiff in the amount of $11,000; and that there remained due and owing the sum of $18,480.12. The evidence presented at trial indicated that plaintiff had been selling meat products to defendants on an open account for several years prior to the initiation of this action. Received into evidence at trial were plaintiff's accounts receivable ledger sheets relating to defendants' account. These ledger sheets indicated the date of each sale to defendants, the invoice number of each sale, payments made by defendants, and a running balance of the amount due from defendants. The ledger sheets showed a balance due of $27,062.03 as of the date of the filing of the complaint.

Also received into evidence were plaintiff's original invoices totalling $29,480.12, an amount which plaintiff alleged as being unpaid. Each invoice indicated the date of sale, a description of meat sold, the amount of money due on each sale, and the initials of one of the defendants acknowledging receipt of the meats. We note, as did the trial court, a discrepancy between the balance due on the accounts receivable ledger ($27,062.03) and the total of the alleged unpaid invoices ($29,480.12) of $2,418.09.

During cross-examination of plaintiff's only witness, Howard Horn, defendants identified two cancelled checks made payable to the plaintiff and in the amounts of $1,033.75 and $951.53. Although defendants

attempted to have Mr. Horn acknowledge that no credit was given for these checks, Mr. Horn stated on redirect examination that such credit had been given.

Defendants also attempted to discredit plaintiff's records by bringing out the fact that an original and two amended complaints were filed in this action, each showing different amounts due, $27,062.13, $30,572.59, and $29,480.12, respectively.

The only witness to testify for the defendants, Anthony Pijawka, was plaintiff's bookkeeper from its inception in 1962 to February of 1973 when Mr. Pijawka left plaintiff's employ. Mr Pijawka testified that sometimes he received checks from defendants which he applied to reduce the running balance due on plaintiff's accounts receivable ledger, but failed to mark any invoices paid for such checks because he was not sure to which invoices the checks applied.

Mr. Pijawka further testified that, in addition to selling merchandise to defendants, plaintiff also purchased merchandise from defendants. To the best of Mr. Pijawka's recollection, plaintiff owed defendants approximately $3,300 when Mr. Pijawka left plaintiff's employ. Mr. Pijawka indicated that this $3,300 must be deducted from plaintiff's ledger sheets to determine the net amount due plaintiff. Also received into evidence was a group of invoices totalling $5,693.72 which defendants attempted to prove were the outstanding original unpaid invoices for merchandise sold by defendants to plaintiff. On direct examination, Mr. Pijawka testified that the amount plaintiff owed defendants was approximately $3,300, not $5,700.

After hearing all the above evidence, the trial court entered judgment in favor of defendants and stated in its order that plaintiff had "failed to establish the necessary proof required."

■■ ■ We first note that defendants-appellees have filed no brief in this appeal and that in spite of this fact we will consider the merits of the appeal. As stated in *First Capitol Mortgage Corp. v. Talandis Construction Corp.* (1976), 63 Ill. 2d 128, 131, 345 N.E.2d 493, 494:

> " * * * [T]he judgment of a trial court should not be reversed *pro forma* for the appellee's failure to file its brief as required by rule. A considered judgment of the trial court should not be set aside without some consideration of the merits of the appeal."

■■ ■ Plaintiff alleged in its second amended and supplemental complaint an amount due of $29,480.12. After reviewing the evidence presented at trial, we find that plaintiff did not prove the above sum due and owing from defendants. However, regardless of the amount alleged as due in the complaint, it is up to the trier of facts to determine the amount due plaintiff, and issue a judgment in favor of plaintiff for the amount found to be due even though it is for an amount less than that

alleged due in the complaint. *Warda v. Schmidt* (1956), 146 Cal. App. 2d 234, 303 P.2d 762. See also 1 C.J.S. *Account, Action on* §22 (1936).

Furthermore, viewing the evidence in the light most favorable to the defendants, we find that the record reflects that defendants are indebted to plaintiff. At trial, defendants maintained that they were never given credit for two checks totalling $1,985.28 and that plaintiff owed them $5,693.72 for merchandise that they had sold to plaintiff. These two amounts plus the partial judgment of $11,000 give a total of $18,679. This amount subtracted from $27,062.03, the amount shown on the ledger sheets, shows an amount of $8,383.03 due plaintiff.

It is true that plaintiff's invoices showed an amount due from defendants $2,418.09 in excess of the amount shown due on the ledger sheets. However, we believe this difference is easily explained by the testimony of defendants' witness, Mr. Pijawka. Mr. Pijawka explained that at times he received checks from the defendants which he subtracted from the balance due on the accounts receivable ledger, but failed to apply to any invoice because he was unsure as to which invoice the checks applied.

After a review of the entire record before us, it is our decision that the judgment of the trial court is against the manifest weight of the evidence and that the judgment should be reversed and the cause remanded for a new trial. See *Brichacek v. Hampton* (1964), 54 Ill. App. 2d 284, 203 N.E.2d 737.

For the foregoing reasons the judgment of the circuit court of Cook County is reversed and the cause is remanded for a new trial.

Judgment reversed; cause remanded.

O'CONNOR and BUA, JJ., concur.