GAIL A. RIPPON, a/k/a Gail A. Robbins, Plaintiff-Appellee, *v.* JAMES J. RIPPON, JR., Defendant-Appellant.

Third District   No. 78-12

Opinion filed September 29, 1978.

Loren S. Golden, of Mt. Carroll, for appellant.

Walter Kilgus, of Morrison, for appellee.

Mr. PRESIDING JUSTICE BARRY delivered the opinion of the court:

This appeal was instituted by James Rippon from the dismissal of his petition for change of custody. The petitioner sought to remove his two children from the custody of their mother, Gail Robbins, the respondent.

A review of the record established that, after the "agreed" divorce, the respondent was remarried, moved a number of times, and was divorced again. Most of the time she resided in the Clinton, Iowa, area with her children. The worst that can be said concerning the respondent's care for her children is that her selection of housing has not always been the best, her home is not always kept as neat as she could have kept it, and, at the time of the hearing, she was residing with a boyfriend. Her testimony was that she and her boyfriend were going to marry when her second divorce became final and were buying a three-bedroom house in Clinton.

There is some evidence that in one school year one of the girls missed several days of school, partly because, in moving, she was transferred to a different school and did not adjust well and partly because she was, in fact, sick. In addition, there was testimony that some problem had arisen over the petitioner's right to visitation but that the problem had been alleviated by an agreement entered into by the parties in September of 1976.

As to the petitioner's complaints concerning housing, the record clearly establishes that, after the divorce, the respondent and the girls moved to

Savannah, Illinois, in order for the respondent to be with Gregg Robbins, whom she later married. Though living with friends while Robbins was required to reside on base at the Savannah Army Depot, the housing was deplorable. However, this situation was temporary and lasted only three weeks.

Thereafter, the respondent moved in with her new in-laws who had a home in Clinton, Iowa. Because, however, the girls had been enrolled in an Illinois school, the petitioner and respondent agreed that the petitioner should temporarily have custody of the girls while they finished the school year in Illinois. It was during this time that the respondent went to Florida with one of her sisters. However, she returned in June, and she and her new husband took the girls to live with them in an apartment on Fourth Street in Clinton.

Subsequently, the respondent quit living with Robbins and after one year moved back with Robbins' parents before finding the apartment in which she and her children were living at the time of the hearing. Although her in-laws' house had some problems with the plumbing, their landlord fixed it. In addition, the ceiling in the apartment on Fourth Street had apparently been damaged because of a water leak in the upstairs apartment.

■■ Having all of these facts before it, the trial court dismissed the petition. Although the petitioner appealed, the respondent has filed no responsive brief. Nevertheless, we believe justice requires that this court consider the merits of the appeal rather than awarding an outright reversal. *R. W. Horn Wholesale Meats, Inc. v. Lyman* (1st Dist. 1977), 49 Ill. App. 3d 379, 364 N.E.2d 384; *Smith v. Lemont Fire Protection District* (3d Dist. 1977), 45 Ill. App. 3d 52, 359 N.E.2d 2.

■■■ A prior judgment as to custody will not be modified unless the trial court finds that, based on facts arising since the judgment or which were unknown to the court at the time of the judgment, a change has occurred in the circumstances of the child or his custodian and modification is necessary to serve the best interests of the child. (Ill. Rev. Stat. 1977, ch. 40, par. 610(b).) However, the custodian must be retained unless the custodian agrees to a change or the child, with the consent of the custodian, has been integrated into the petitioner's family or "the child's present environment endangers seriously his physical, mental, moral or emotional health and the harm likely to be caused by a change of environment is outweighed by its advantages to him." Ill. Rev. Stat. 1977, ch. 40, par. 610(b).

Once a trial court makes its decision as to change of custody, that decision will be disturbed only if there is an obvious abuse of discretion or if the order is contrary to the weight of the evidence. (*People ex rel. Rathbun v. Rathbun* (4th Dist. 1977), 48 Ill. App. 3d 328, 362 N.E.2d 1136; *Rayburn v. Rayburn* (3d Dist. 1977), 45 Ill. App. 3d 712, 360 N.E.2d 142.)

In determining what is in a child's best interests, stability of environment is an important factor. *Holloway v. Holloway* (1st Dist. 1973), 10 Ill. App. 3d 662, 294 N.E.2d 759.

As contemplated by statute, voluntary relinquishment of a child's custody by the authorized custodian is a factor to be considered. (*Holloway v. Holloway* (1st Dist. 1973), 10 Ill. App. 3d 662, 294 N.E.2d 759.) In *Holloway* the child's mother, on at least three occasions, had voluntarily relinquished custody to the father and had discharged much of the actual care of the child to babysitters. These facts are not present in this case. The only time the respondent relinquished custody to the petitioner was to maintain the children in the Illinois schools in which they were enrolled. It was a responsible gesture for the respondent to decide not to disrupt the girls' education. The fact that she also went to Florida during this period does not lessen that conclusion. Moreover, the respondent alone has seen to the care and custody of the children since the end of that particular school year.

Although the respondent admitted having sexual intercourse with Robbins before she married him and with her present boyfriend after divorcing Robbins, indulgence in moral indiscretions alone is not grounds for a change of custody where the children are leading a normal life. (*Leary v. Leary* (5th Dist. 1965), 61 Ill. App. 2d 152, 209 N.E.2d 663.) Even previous open adulterous conduct, once the mother has married the paramour and reestablished a good home, is not grounds for change of custody. (*Nye v. Nye* (1952), 411 Ill. 408, 105 N.E.2d 300.) Even though a wife has been dating other men prior to divorce, it is not an abuse of discretion for the trial court to award custody of the children to her. (*Kauffman v. Kauffman* (4th Dist. 1975), 30 Ill. App. 3d 159, 333 N.E.2d 695.) Only when an open adulterous relationship exists with no possibility of marriage, as when the paramour is and remains married to another woman, is there sufficient grounds to remove custody from the mother. (See *Hahn v. Hahn* (2d Dist. 1966), 69 Ill. App. 2d 302, 216 N.E.2d 229.) The underlying rationale is that the past misconduct does not indicate the probability of future misconduct once the mother has again married. In considering the best interests of the children for determining to whom custody should be awarded, the trial court is not authorized to consider any conduct of the custodian which does not affect that person's relationship with the children. Ill. Rev. Stat. 1977, ch. 40, par. 602(b).

There was no evidence that the respondent's indiscretions affected her ability to function presently as a parent. Furthermore, the respondent's housing problems were generally beyond her control. She had no control over the plumbing in her in-laws' house or the apartment on Fourth Street. We do not expect that any parent should allow his or her

children to live in a hovel, but it appears the respondent has attempted to improve the living conditions, within her means, with every change of residence. As a result we cannot find that the trial court abused its discretion by dismissing the petition for change of custody.

■■ The petitioner also argues that the trial court erred by not allowing into evidence testimony of the respondent's moral indiscretions occurring prior to the date of the original decree. As a general rule, a divorce decree is *res judicata* as to facts existing at the time the decree was entered but not as to facts arising thereafter. (*Nye v. Nye* (1952), 411 Ill. 408, 105 N.E.2d 300.) Our Illinois statutes now provide that facts not known to the court at the time the original decree was entered may be proven in a post-decretal hearing on custody. (Ill. Rev. Stat. 1977, ch. 40, par. 610(b).) And this court has never hesitated to look beyond a prior decree for facts relevant to a determination as to the best interests of the children. (See *Page v. Page* (3d Dist. 1975), 30 Ill. App. 3d 514, 334 N.E.2d 212.) This, however, does not remove the necessity of establishing the materiality and relevancy of those facts.

■■ In the case at bar, the petitioner was not allowed to testify concerning certain moral indiscretions of the respondent occurring prior to the divorce. Yet, it had already been established that, after the divorce, she had married Robbins. As we have indicated, the earlier indiscretions would, therefore, be no basis for a change of custody. It was irrelevant and the trial court did not err in refusing to allow the testimony.

Accordingly, the judgment of the Circuit Court of Whiteside County is affirmed.

Affirmed.

STOUDER and STENGEL, JJ., concur.