*In re* ADOPTION OF TED MARKHAM *et al.*, Minors.—(DAN MARKHAM *et al.*, Petitioners-Appellants, *v.* VIRGIL MARKHAM, Respondent-Appellee.)

Third District    No. 79-914

Opinion filed January 6, 1981.

Jack C. Vieley, of Peoria, for appellants.

Lawrence M. Solomon, of Peoria, for appellee.

Kerry R. Cordis, of Princeville, guardian ad litem.

Mr. JUSTICE STOUDER delivered the opinion of the court:

Petitioners, Dan Markham and Nettie Markham, filed a petition for adoption and a petition for permanent custody and control of minor children in the circuit court of Peoria County. After certain related legal proceedings, to be hereinafter detailed, and hearings on the merits, the trial court denied both petitions.

The scenario of this litigation began on March 5, 1965, when respondent, Virgil Markham, married Betty Markham. From this union were born the two children whose adoption and custody are sought by petitioners: Ted Markham, born November 13, 1967, and Terry Markham, born August 9, 1969. A third child passed away in 1977.

In September 1969, respondent and his wife, Betty, separated, and the following month mother and children moved into petitioners' home, where Ted and Terry continue to reside. In June 1970, the parties were divorced and custody of the children was awarded to Betty. On August 4, 1971, Betty passed away.

Within two months of the mother's death, petitioners filed the instant petition for adoption, which was granted in November 1971. Respondent testified that he learned of the adoption the following year and retained counsel for the purpose of having the decree vacated. In February 1974, respondent was allowed to examine the case file and in March 1975, he filed a petition to set aside the adoption. The trial court denied the petition in January 1976. However, on appeal to this court the judgment of the trial court was reversed and remanded because of deficiencies in the notice given the natural father. (*Markham v. Markham* (1977), 50 Ill. App. 3d 1061, 365 N.E.2d 308.) In December 1978, the petition for adoption was denied. Petitioners then filed the instant petition for permanent custody and control of the minor children. In November 1979, this second petition was also denied. Petitioners now appeal each of the trial court's judgments.

Our initial inquiry is the propriety of the denial of the petition for adoption. Section 8 of the Adoption Act (Ill. Rev. Stat. 1977, ch. 40, par. 1510) provides that, where parental or other required consent to an adoption is not obtained, the person whose consent would otherwise be

required must be found an unfit person before a minor's adoption may be ordered pursuant to section 14 of the Act (Ill. Rev. Stat. 1977, ch. 40, par. 1517). The evidentiary standard in cases of parental unfitness is proof by clear and convincing evidence (*In re Bennett* (1980), 80 Ill. App. 3d 207, 399 N.E.2d 735; *In re Gates* (1978), 57 Ill. App. 3d 844, 373 N.E.2d 568; *In re Massey* (1976), 35 Ill. App. 3d 518, 341 N.E.2d 405), and the trial court's decision should not be disturbed on appeal unless contrary to the manifest weight of the evidence. *In re Bennett; In re Gates; In re Ice* (1976), 35 Ill. App. 3d 783, 342 N.E.2d 460.

Petitioners contend that respondent is an unfit person as a matter of law under section 1(D) of the Act (Ill. Rev. Stat. 1977, ch. 40, par. 1501 (D)), which provides, *inter alia*:

> "b. 'Unfit person' means any person whom the court shall find to be unfit to have a child sought to be adopted, the grounds of such unfitness being any one of the following:
>
> (a) Abandonment of the child;
>
> (b) Failure to maintain a reasonable degree of interest, concern or responsibility as to the child's welfare;
>
> (c) Desertion of the child for more than 3 months next preceding the commencement of the adoption proceeding."

■■ Turning first to their contention of abandonment, we note that the term connotes conduct on the part of a parent which demonstrates a settled purpose to forego all parental duties and to relinquish all parental claims to children. (*In re Sanders* (1979), 77 Ill. App. 3d 78, 395 N.E.2d 1228; *In re Adoption of Rich* (1979), 51 Ill. App. 3d 174, 366 N.E.2d 575; *In re Adoption of Vienup* (1976), 37 Ill. App. 3d 217, 345 N.E.2d 742.) Petitioners claim respondent abandoned the children at the time of the September 1969 separation and thereafter failed to provide for their support and maintenance, nor contact the children in any fashion. Respondent claims he never intended to abandon his children and that he did provide some support, in a financially troubled period in his life, until he was unable to see his children. Additional factors include the fact that his wife and petitioners had custody of the children and hostility between the parties ran so deep that one petitioner called the police and struck respondent to prevent him from attending his late wife's visitation and funeral. Respondent testified that he attempted to see his children and sought aid from at least three different agencies. He gave the children clothing through a relative, who along with other relatives and a neighbor, gave him pictures of the children, which he has retained. Without further detailing the extensive testimony in this cause, our review of the record indicates the trial court's finding that no abandonment here occurred is not contrary to the manifest weight of the evidence.

Turning next to the contention of failure to maintain a reasonable

degree of interest, concern, or responsibility, petitioners advance substantially the same arguments as in the previous issue. While respondent's conduct relative to these factors has hardly been exemplary, we do not find the trial court's holding on this issue to be contrary to the manifest weight of the evidence.

■■ Turning finally to the contention of desertion we note that the term connotes any conduct on the part of a parent which indicates an intention to permanently terminate custody over the child but not to relinquish all parental duties and claims. (*In re Sanders; In re Adoption of Rich; In re Adoption of Vienup.*) During the applicable statutory period, custody of the children was entrusted to their late mother. As petitioners again advance substantially the same arguments as in the previous two issues, we shall not disturb the finding of the trial court.

As we do not find the decision of the trial court as to respondent's fitness to be contrary to the manifest weight of the evidence, we do not reach the question of the children's best interest in our review of the adoption proceedings.

We next consider the propriety of the denial of the petition for permanent custody and control of the minor children. As this petition was filed in respondent's divorce cause on December 1978, it is governed by the Illinois Marriage and Dissolution of Marriage Act (Ill. Rev. Stat. 1977, ch. 40, par. 101 *et seq.*).

Section 610 of the Act (Ill. Rev. Stat. 1977, ch. 40, par. 610) governs the modification of custody judgments and provides, *inter alia*:

> (b) The court shall not modify a prior custody judgment unless it finds, upon the basis of facts that have arisen since the prior judgment or that were unknown to the court at the time of entry of the prior judgment, that a change has occurred in the circumstances of the child or his custodian and that the modification is necessary to serve the best interest of the child. In applying these standards the court shall retain the custodian appointed pursuant to the prior judgment unless:
>
> (1) the custodian agrees to the modification;
>
> (2) the child has been integrated into the family of the petitioner with consent of the custodian; or
>
> (3) the child's present environment endangers seriously his physical, mental, moral or emotional health and the harm likely to be caused by a change of environment is outweighed by its advantages to him."

The standard of review once a trial court makes a decision as to a change in custody is that the decision will be disturbed only if it is contrary to the manifest weight of the evidence or constitutes an abuse of discretion. *In re Custody of Thompson* (1980), 83 Ill. App. 3d 97, 403 N.E.2d 716; *Russell v.*

*Russell* (1979), 80 Ill. App. 3d 41, 399 N.E.2d 212; *Rippon v. Rippon* (1978), 64 Ill. App. 3d 465, 381 N.E.2d 70.

Since the prior custody judgment was entered, a significant change has certainly occurred in the circumstances of the children as they have lost their custodial parent. As modification of the custody provision is required, we are faced with determining the propriety of the trial court's judgment awarding custody to the respondent. Section 602 of the Act (Ill. Rev. Stat. 1977, ch. 40, par. 602) provides:

> "(a) The court shall determine custody in accordance with the best interest of the child. The court shall consider all relevant factors including:
>
> > (1) the wishes of the child's parent or parents as to his custody;
> >
> > (2) the wishes of the child as to his custodian;
> >
> > (3) the interaction and interrelationship of the child with his parent or parents, his siblings and any other person who may significantly affect the child's best interest;
> >
> > (4) the child's adjustment to his home, school and community; and
> >
> > (5) the mental and physical health of all individuals involved.
>
> (b) The court shall not consider conduct of a present or proposed custodian that does not affect his relationship to the child."

In addition to these statutory factors, and critical to this situation, is the fact the parties to this cause are the natural father of the children and the individuals who have raised the children since their mother's death. The individuals having custody are the aunt and uncle of the natural father, and the aunt was also related by blood to the deceased mother of the children.

Considering first the five statutory factors, we note both children clearly expressed their desire to remain with petitioners while respondent obviously takes a contrary position. The children have been integrated into petitioners' home since 1969, and the interaction and interrelationship there present is evident from the fact the children have come to regard petitioners as their parents. The children are adjusted to their present environment, and respondent concedes that they have received love and proper care.

Considering additionally the status of respondent as natural father, we note the guidance of our supreme court:

> "It is always recognized that a natural parent has a superior right to the custody of his child. That right, however, is not absolute and must yield to the best interest of the child. Such superior right only

obtains when it is in accord with the best interest of the child. (Citations.) * * *" *Giacopelli v. Florence Crittenton Home* (1959), 16 Ill. 2d 556, 565, 158 N.E.2d 613, 618.

We are thus faced with the ultimate question of the children's best interests. The record is void of any deleterious aspect of their present situation and, as mentioned previously, their environment is one of love and care. While respondent has not been adjudged an unfit person, his course of conduct has provided neither of these critical factors through most of the relevant period. In addition to the importance of stability of environment (*cf. Russell v. Russell* (1979), 80 Ill. App. 3d 41, 399 N.E.2d 212; *De Franco v. De Franco* (1979), 67 Ill. App. 3d 760, 384 N.E.2d 997; *Mitchell v. Henderson* (1978), 65 Ill. App. 3d 363, 382 N.E.2d 650), we note the words of the court in *Look v. Look* (1974), 21 Ill. App. 3d 454, 457-58, 315 N.E.2d 623, 625-26:

> "When the people having the actual custody of the child at the time a change is sought have properly provided and supervised its needs for a substantial period of time and the child has become attached to the environment and to the grandparents who have made possible the happiness, security and comfort of its early years, a court is not justified in transferring that custody to another, except for the most cogent reasons. When people, through the goodness of their hearts, take a child into their home and lavish on it their affection and care, they are entitled to much consideration in an action involving the custody of such child. *Jarrett v. Jarrett*, 348 Ill. App. 1, aff'd 415 Ill. 126.
>
> * * *
>
> To sever home ties of long standing as here where the child has lived with the grandparents almost all of his life, a home full of love and care, for the sole purpose of placing him with his father cannot be said to be in the best interest of the child."

While the record does not indicate that granting custody of the children to respondent would be deleterious to their interests, we do not find the trial court's decision to be supported by the manifest weight of the evidence. Under the circumstances herein, we find the record reflects the best interests of the children will be served by continuing the familial environment they have known for over 10 years and therefore reverse the trial court's custody judgment. We further direct the court to provide for reasonable visitation privileges in favor of respondent to foster the love and affection which should exist between parent and children. See *People ex rel. Edwards v. Livingston* (1969), 42 Ill. 2d 201, 211, 247 N.E.2d 417, 422-23.

Accordingly, the judgment of the circuit court of Peoria County denying the adoption petition is affirmed. The judgment of the court

denying the petition seeking custody is reversed and remanded with directions.

Affirmed in part, reversed and remanded with directions in part.

BARRY and SCOTT, JJ., concur.